DAVID W. ADAMS ET AL. v. J. H. ZELLNER.

Application No. 9358. Decided March 15, 1916.

**1.—Power of Sale—Trust Deed—Notice—Evidence.**

A deed of trust having provided that a conveyance by the trustee to the purchaser at a sale made by him should be evidence "that said trustee has in all things duly and legally executed his trust," his conveyance under the power afforded prima facie evidence that the required notices of sale were duly posted. This sufficed to sustain his deed when he testified that he personally posted one notice at the courthouse door and mailed those required to be posted at two other public places in the county to persons instructed to so post them, though there was no other proof as to whether or not they were posted. (Pp. 654, 655.)

**2.—Case Explained.**

The grounds of the ruling in Rose v. Davis, 106 Texas, 537, explained. (P. 655.)

Application for writ of error to the Court of Civil Appeals, Fifth District, in an appeal from Hill County.

*A. B. Shafer* and *Chas. L. Black,* for petitioners.—The recital in the deed executed by the trustee that such sale was made "after giving public notice of the place, time and terms of such sale by posting a public notice on the courthouse door, Hill County, Texas, as required by said trust deed," established, at least prima facie, that said sale was void for want of sufficient notice, as required by law and the deed of trust, and the burden of proof rested on the defendant claiming under such sale to show that said recital was incorrect and incomplete, and

that, in fact, three notices of said sale were posted. Waggoner v. Dodson, 96 Texas, 415; Burke v. Turner, 79 Texas, 276; Eubanks v. Becton, 73 S. E., 1009.

Presumption can not be based upon presumption, and there being no evidence that the notices were ever received by the parties to whom they were mailed, it can not be further presumed that they actually posted the same in proper time and at public places. Fischer v. Simon, 95 Texas, 234; Childs v. Hill, 20 Texas Civ. App., 162, 49 S. W., 652; Clark v. Burke, 39 S. W., 306; Lerch v. Hill, 2 Texas Civ. App., 421, 21 S. W., 183; Boone v. Miller, 86 Texas, 74; Fuller v. O'Neill, 69 Texas, 349; Meisner v. Taylor, 120 S. W., 1014; Railway Co. v. Porter, 73 Texas, 304; 1 Elliott on Evidence, sec. 89; Roe v. Davis, 106 Texas, 537; same case, 142 S. W., 950.

*Morrow & Morrow,* for defendant in error.—(Briefs did not reach Reporter.)

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was in trespass to try title to recover a tract of land previously sold under a non-judicial foreclosure of a deed of trust lien. It was contended by the plaintiffs, the grantors of the deed of trust, that the trustee's sale was void because notices of the sale had not been posted as required by law. The trustee's deed conveying the land to the purchaser at the trustee's sale contained a recital in respect to the notice given, as follows: "I proceeded to sell said property at public auction at Hillsboro, Hill County, Texas, between the hours of 10 a. m. and 4 p. m. on the first Tuesday, the 6th day of October, 1908, after having given public notice of the time, place and terms of said sale by posting a public notice on the courthouse door, Hill County, Texas, as required by said deed of trust." The trustee personally posted the notice at the courthouse door. He forwarded a notice of the sale to one of the grantors in the deed of trust, the other maker of that instrument being the wife of such grantor, by registered mail, which was duly received. He also mailed notices to persons at two other different public places in Hill County, to be posted by them, respectively; but there appears to have been no testimony that these latter notices were actually posted. The notice posted by the trustee and those mailed by him for posting were in time to give notice of the sale for more than twenty days prior to its date.

The deed of trust contained the following provision:

"And said deed of conveyance made by the said trustee (the deed to be made by him to the purchaser at a trustee's sale), and delivered to any purchaser of said property at such sale, shall be evidence that said trustee has in all things duly and legally executed his trust, etc."

The trustee's deed was introduced in evidence. In virtue of the provision in the deed of trust, just quoted, the deed established, prima facie, that in the sale under the foreclosure all of the requirements of

the law were observed, including the posting of the necessary notices. There was no testimony showing that the notices mailed by the trustee for posting at the two public places in the county other than at the courthouse door, were not actually posted; and in this state of the record it is our opinion that no issue upon the question was made.

It is proper to call attention to the fact that in Roe v. Davis, 106 Texas, 537, 172 S. W., 708, in which the opinion was delivered by Chief Justice Brown, in the examination of the trustee while a witness upon the stand, it was stated that his deed to the purchaser at the sale there considered, recited that he had advertised the property "in the manner prescribed by law." We regarded this as substantially the introduction of the recital of the deed in evidence; and it largely influenced our decision of that case. The writ of error is refused.

*Writ of error refused.*