**BOYD et al. v. JOHNSON et al. (No. 6498.)\***

(Court of Civil Appeals of Texas. San Antonio. April 13, 1921. Rehearing Denied Oct. 12, 1921.)

1. **Appeal and error** ⊚➔927(7)—**Appellant's evidence given most favorable effect on appeal from judgment on directed verdict.**

On appeal from a judgment on a directed verdict, appellant's evidence will be given its most favorable effect.

2. **Mortgages** ⊚➔83—**Grantor held estopped to set aside trust deed and sale thereunder.**

A trust deed and a sale thereunder will not be set aside, though the deed was executed with the understanding that the true amount of the debt would be ascertained and the instrument corrected accordingly, where plaintiffs took no action until more than three years after the execution of the deed, allowed the property to be sold without complaint, except that on the day before the sale, of which they had due notice, they filed suit to set aside the deed on the sole ground that the premises were a homestead, did not allege conditional delivery nor challenge the correctness of the consideration until nearly a year later, and, in setting up such defenses, alleged that the deed was executed in reliance on the representation of the lumber company, to which the debt was owing, and in the belief that building materials priced in the amount of the deed had been actually furnished.

3. **Mortgages** ⊚➔342—**To delegate power of sale to substitute trustee, every contingency authorizing substitution must occur.**

Trust deed provisions vesting in the trustee a power of sale must be construed with the utmost strictness, and, before such powers may be delegated to a substitute trustee, every contingency authorizing such substitution must precisely occur.

4. **Mortgages** ⊚➔369(3)—**Sale not set aside solely because price inadequate.**

A trustee's sale will not be set aside because the price brought was inadequate, where the deed of trust, appointment of the trustee, notice of sale, the sale itself, and the trustee's deed all appeared to be regular.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by V. L. Boyd and husband against T. F. Johnson and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

E. B. Ward, of Corpus Christi, for appellants.

H. R. Sutherland and G. R. Scott, Boone & Pope, all of Corpus Christi, for appellees.

SMITH, J. On May 9, 1914, Mrs. V. L. Boyd (then Orr) executed a deed of trust by which was conveyed to H. W. Houck, trustee for the benefit of the Southland Lumber Company, lot 2 in block 2, Mussett addition to the city of Corpus Christi, in Nueces county. It was recited in the deed of trust that the same was given to secure the payment of a note for $617.77, executed by Mrs. Boyd on said date and payable to said lumber company and given to cover an account for lumber and materials bought of the company. On July 3, 1917, T. F. Johnson, substitute trustee, sold and conveyed the property to the lumber company, the beneficiary, for $200, the sale being at auction and to the highest and best bidder. The value of the property at the time of the sale was from $3,000 to $3,500.

On July 2, 1917, Mrs. Boyd, joined pro forma by her husband, brought suit in trespass to try title against T. F. Johnson and the lumber company, alleging that the defendants were claiming an interest in the property by virtue of the deed of trust, and were about to sell the property thereunder, and were in fact then advertising such sale, and that the deed of trust was void because the premises covered thereby constituted the homestead of Mrs. Boyd. No other ground of invalidity was set up. Lis pendens notice was filed for record contemporaneously with the institution of the suit, but, notwithstanding this, the sale of the property was proceeded with and made the day after the filing of the suit and lis pendens notice. Subsequently, in April, 1918, the Boyds amended, setting up the sale of the land under the trust deed, and seeking to set aside the latter instrument and the sale thereunder, reaffirming the homestead allegations, and alleging, among other grounds, that the sale under the deed of trust was irregular, and the sale price grossly inadequate, that the amount of the debt to the lumber company was less than that recited in the note and deed of trust, and that Mrs. Boyd executed those instruments with the understanding that the true amount of the debt would be ascertained and the trust deed and note corrected accordingly, and that only because of this understanding she executed these instruments, and would not have otherwise done so, but that the lumber company failed and refused to furnish her an itemized statement of the account and to correct the recitations in the instruments, and that therefore there was no legal delivery thereof.

The defendants denied these allegations, alleged the legality of the trust deed and note, and of the sale, and sought recovery of and removal of cloud from title in the form of trespass to try title, to which the Boyds plead not guilty. In December, 1918, pending the litigation, the lumber company secured possession of the property by sequestration proceedings, and sought recovery from the Boyds of rent from the time of the sale to date it took possession, alleging the value of the property to be $2,500, and the reasonable rental to be $1,200.

⊚➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*For opinion as corrected on rehearing, see 234 S. W. 235.

Upon a trial by jury the lower court directed a verdict for both Johnson and the lumber company as to plaintiffs' suit, and for the lumber company on its cross-action for title to the property, and for such rent as the jury might find. The jury returned a verdict accordingly, fixing the amount of the rent to be $90, and appropriate judgment was rendered on this verdict, and from this judgment the Boyds appeal.

[1] The first and chief question in the case is whether or not the trial court was warranted in directing a verdict for appellee. This question is raised in appellants' first assignment of error, in which it is contended that the deed of trust involved did not express the real consideration intended; that if that instrument was delivered it was with the understanding between Mrs. Boyd and the lumber company that the amount specified therein would be corrected at a later date; that this was the consideration and condition upon which the instrument was executed and delivered; that such correction was never made, and "consequently the deed of trust was not effective and never delivered, except conditionally, and the same and any sale thereunder in consequence thereof was void; at least the facts were sufficient to warrant the jury in so finding." These contentions call for a statement of appellants' evidence, which will be made as briefly as possible and will be given that effect which is most favorable to appellant, which should always be done in testing the correctness of the action of a court in directing a verdict.

[2] Late in the year 1912, Mrs. Boyd, then the widow Orr, arranged to rebuild, or add to, a certain residence belonging to her. From one source she bought some used lumber. But there was not enough of this used lumber to make the improvements she had in mind, so she arranged with the Southland Lumber Company, one of the appellees, to furnish such additional lumber and materials as would be needed to complete the improvements. She employed a firm of contractors to do the work, and directed these contractors to get the material from appellee, but not to get more than $150 worth of such materials. She also told the manager of the lumber company that she wanted only $150 worth of such materials, and directed him not to furnish the contractors more than that amount. The work proceeded, the house was completed, and Mrs. Boyd moved in. She accepted and used all the materials furnished by the company, without complaint. This was in January, 1913. Some time later she received a bill from the lumber company for $709, and mailed a check for $75 in response thereto. The lumber company kept pressing Mrs. Boyd for the balance, while the latter still questioned the correctness of the account, and insisted upon being furnished itemized statement thereof. At one time she was furnished such statement, but it was

233 S.W.—55

mislaid by her before she examined it. Along about the 1st of May, 1914, the lumber company finally insisted upon settlement. A mutual friend of the parties, O. H. Johnson, interested himself in the matter, being prompted primarily, it seems, by a friendly desire to help Mrs. Boyd. He conferred with both parties, and, at the instance of the lumber company, presented to Mrs. Boyd the deed of trust and note in controversy, which had been prepared by the lumber company for that purpose. Mrs. Boyd refused to execute these papers, contending that the consideration recited therein was more than she owed the company. Johnson took the papers back to the company, reported results, and repeated Mrs. Boyd's objections. Again, at the instance of the lumber company, Johnson presented the papers to Mrs. Boyd for execution, stating in behalf of the company that there must be an immediate settlement, and that, if the amount of the debt as recited in the papers was erroneous, the company would, as soon as practicable, ascertain the true amount, and the papers would then be corrected in accordance therewith. Under these circumstances Mrs. Boyd executed the papers, and gave them over to Johnson, who delivered them to the company. Nothing was said one way or another about the question of delivery, but the circumstances conclusively show unconditional delivery. It is true that Mrs. Boyd at one time said in her testimony that she executed the papers "conditionally," but made no explanation of this conclusion, and did not undertake to say what the conditions were. It is apparent that she meant that she executed these papers upon the condition that the true amount of the debt would later be ascertained and the amount recited in the papers corrected accordingly. It has been held that a parol agreement of this character cannot serve to defeat a suit upon written instruments given in settlement of an account of this nature. San Antonio Lumber Co. v. Dickey, 27 S. W. 955. In that case the court said:

"The defense offered was that the paper purporting to be a duebill was given to plaintiff simply as a memorandum, and not as evidence of an amount due by defendant to plaintiff; that when it was given it was understood and agreed that it was only a memorandum, and that the amount it called for should be reduced by any sums that might afterwards be found defendant was entitled to in connection with the contract under which plaintiff agreed to furnish, and had furnished, defendant with lumber and material; but defendant had since found that plaintiff had charged him a higher and entirely different rate than had been agreed on, and, after considering payments made by defendant, that plaintiff was indebted to defendant in the sum of $257.30, for which he asked judgment. * * * There was no indefiniteness or ambiguity in the expressions of the paper. It evidences a settlement between the parties, and, as the evidence discloses this

evidence related to the sale of lumber and material, it was an admission of indebtedness to plaintiff of a certain sum in reference thereto, and is, in effect, a promise to pay that sum unconditionally. The answer shows it was given to and accepted by plaintiff. It was clearly inadmissible, over objections, to go behind it, and examine into matters of account preceding it, and out of which it grew, there being no attempt to avoid it for such cause as fraud, accident, or mistake. * * * The basis of the defense and counterclaim was that at the time of giving the instrument the defendant, by oral understanding, reserved the right to certain allowances in a certain contingency. These the proofs show were connected with the account in respect to which the paper was given. That this could not be shown to the impairment of the terms of the writing needs no citation of authorities."

Now, if it had been shown that the note and deed of trust were given to Johnson with the express stipulation that they should not be delivered to the lumber company until the question of the correctness of the amount was threshed out and settled, and the recited consideration changed accordingly, and that the recited amount was not substantially correct, a very different question might have arisen. But there was no such understanding here. And, while there was some testimony tending to throw some doubt upon the correctness of the amount of the consideration recited in the instrument in controversy, such showing was not sufficiently definite or conclusive to overcome the recitations in the written instrument solemnly entered into and unconditionally delivered. These instruments were executed, acknowledged, delivered, and recorded in May 1914. The Boyds took no steps to remedy the wrongs they now complain of until more than three years had elapsed. They stood by and allowed the property to be sold under the deed of trust, without complaint, except that on the day before the sale, of which they had due notice, they filed suit to set aside the deed of trust, upon the sole ground that the premises involved constituted a homestead. It was nearly a year later, and four years after the execution of these papers, that they set up allegations about conditional delivery, and challenged the correctness of the consideration for the note and deed of trust. And in the pleadings setting up these defenses Mrs. Boyd alleged that she executed these papers upon the representation of the lumber company officials that the company had actually furnished to her materials amounting in price to $692.17, "and relying upon this representation, and believing that said amount of material had been actually furnished for the construction of said house, she executed the note and deed of trust for said sum." We think these allegations, considered with the other circumstances above set out, absolutely preclude appellants from recovery upon the contentions made in the first assignment, which is accordingly overruled. The fifth and sixth assignments of error, related as they are to the first, are also overruled.

[3, 4] By their second, third, and fourth assignments of error appellants contend that the price at which the property was sold under the deed of trust was grossly inadequate, and that such fact, taken in connection with alleged irregularities in the sale, requires that the sale be set aside. The provisions in a deed of trust vesting in the trustee the power of sale must be construed with the utmost strictness, and complied with in exact fidelity to every detail. And before these extraordinary powers may be delegated to a substitute trustee every contingency authorizing such substitution must precisely occur. But we have been unable to find any sort of irregularity in the sale, and appellants have pointed out none that seem to have actually occurred. As stated, the price brought by the property at the trustee's sale is inadequate; it is outrageously so. There seems to be no explanation for it, unless, indeed the filing of appellants' suit and lis pendens notice the day before the sale brought about the low price, and, if this is true, then of course appellants cannot complain. The deed of trust, the appointment of the substitute trustee, the notice of sale, the sale, and the trustee's deed all appear to have been regular, and nothing is pointed out in the record as showing they were not. When Mrs. Boyd executed the deed of trust, she took the risk of the proceedings subsequently occurring thereunder being regular, and this court is without authority, under these conditions, to write a new contract for her.

Before a sale under the deed of trust can be set aside because of inadequacy of the price brought at a sale thereunder, there must appear to be some irregularity in connection therewith. Such irregularity, even the slightest or of the most trivial nature, would be sufficient here. But until such is shown the sale must stand.

All assignments are overruled, and the judgment is affirmed.