## SOUTHLAND LUMBER CO. et al. v. BOYD et al.  (No. 345–3720.)

(Commission of Appeals of Texas, Section A. Oct. 11, 1922.)

1. **Pleading ⬤�longdash⟩376—Allegations in petition to set aside deed held to admit that notice of sale on foreclosure was duly posted.**

Allegations in petition, in action to set aside a deed by a trustee under a deed of trust, that a pretended sale by defendant was made pursuant to a pretended advertisement and notice of sale as posted, advertising the time and place of sale as being at the courthouse door, a copy of which notice was served on plaintiff, and which notice and advertisement as so posted and published pretended to be by virtue of a certain deed of trust and mechanic's lien contract, admitted that notice of sale was duly posted, and the burden of proving that fact was removed from defendants.

2. **Evidence ⬤⟍longdash⟩383(7) — Recital in trustee's deed that notice of sale as required by law was published held to establish the posting of notice.**

A recital in a trustee's deed under a deed of trust that, "On account of default in payment of the note, the maker having refused to make payments as provided in the deed of trust and mechanic's lien contract and note, after having been duly notified to do so and duly served with notice of sale as required by law,

the trustee offered the property for sale," was sufficient to prove compliance with the deed of trust and the statute in regard to publishing notice.

3. **Mortgages ⬤⟍longdash⟩346, 374—Trustee's deed need not recite request for sale; request for sale may be presumed from circumstances.**

A trustee's deed need not recite that the sale was made at the request of the beneficiary of the deed of trust, nor need such fact be formally proved, but it may be presumed from the facts in evidence.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Mrs. V. L. Boyd and another against the Southland Lumber Company and another. A judgment for defendants was affirmed by the Court of Civil Appeals (233 S. W. 864), but on motion for rehearing was reversed and remanded (234 S. W. 235), and defendants bring error. Judgment rendered for defendants.

G. R. Scott, Boone & Pope, of Corpus Christi, for plaintiffs in error.

E. B. Ward, of Corpus Christi, for defendants in error.

RANDOLPH, J. This is a suit brought by Mrs. Boyd, joined pro forma by her husband, against T. F. Johnson and Southland Lumber Company to cancel a deed of trust and to remove cloud from title to a lot in Corpus Christi, Tex. The defendants filed answer and cross-action, setting up matters of defense to plaintiffs' cause of action and their cross-action, setting up the execution and delivery of the deed of trust, the sale under same, and praying for judgment for the title to and possession of said lot and for rents.

The district court, on trial before a jury, instructed a verdict for the defendants, and on this verdict entered judgment in their favor. On appeal to the Court of Civil Appeals at San Antonio, the case was affirmed (233 S. W. 864), but on motion for rehearing was reversed and remanded (234 S. W. 235).

Error is assigned in the application to the Supreme Court upon the holding of the Court of Civil Appeals that there was no recitation in the trustee's deed that the holder of the notes requested the sale to be made, or that notice of sale was published as provided in the deed of trust, and no proof of these facts made upon the trial; that the burden rested upon appellees (defendants), in the absence from the trustee's deed of any recital of the facts to show by testimony that the substitute trustee was requested by the holder of the notes to make the sale, and that notice of the sale was published as provided in the deed of trust and by law.

The deed of trust contained the recital:

"And it is further specially agreed by the parties hereto, that in any deed or deeds given by any trustee, or substitute trustee, duly appointed hereunder, any and all statements of fact or other recitals therein made as to the nonpayment of the money secured, or as to the request to sell, the time, place, terms of sale and property to be sold having been duly published, or as to any other act or thing having been duly done by any trustee or substitute shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals do state facts and are without further question to be accepted."

The authority for and the acts performed by the substitute trustee in the sale of the lot as recited in his deed to the Southland Lumber Company are as follows:

"And by virtue of the authority contained in said deed of trust the Southland Lumber Company, or other holder of said indebtedness, is expressly authorized, in case of absence, death, inability, refusal or failure of the said H. W. Houk to act, to name, constitute and appoint a successor and substitute trustee, without other formality than an appointment and designation in writing, and by virtue of said authority I have been designated, by an instrument in writing duly recorded in the office of the county clerk of Nueces county, Texas, as substitute trustee, in lieu and in place of the said H. W. Houk, with all the powers and authority given by the said V. L. Orr to the said H. W. Houk, and in said deed of trust and substitute trustee designation, I have been authorized to sell, upon the request of the said Southland Lumber Company, the present owner and holder of said indebtedness, at any time after the maturity of said note, the certain property hereinafter described, which said note has, in all things, been declared due and payable, on account of default in the payment of same; the said V. L. Orr having failed and refused to make the payments, as provided in said deed of trust, mechanic's lien contract and note, after having been duly notified so to do and duly served with notice of the sale, as required by law, I, T. F. Johnson, substitute trustee, of Nueces county, Texas, did offer for sale, between the legal hours thereof, at public auction on the first Tuesday in July, A. D. 1917, the same being the third day of said month, at the courthouse door in Corpus Christi, Nueces county, Texas, all that certain tract, piece or parcel of land, with the rights, members and appurtenances thereunto belonging, situated in Nueces county, Texas, and being more particularly described as lot number three (3) in block number two (2), Mussett addition to the city of Corpus Christi, Texas, as more fully appears from the official map of said addition, on file in the office of the county clerk of Nueces county, Texas, which map, deed of trust and note are hereby referred to and made a part hereof for all purposes"

—and containing other recitals showing sale at public vendue of the lot in controversy to defendant lumber company.

The deed of trust was introduced in evi-

dence by both plaintiffs and defendants, and the trustee's deed was offered in evidence by defendants. The defendants tendered in evidence the appointment in writing, duly acknowledged of T. F. Johnson as substitute trustee for the original trustee, and also a copy of notice of sale. The plaintiff objected to the copy of the notice of sale for several reasons, one of which was that it was not shown that it was ever posted. In addition to the objection made by the plaintiff to the introduction of the notice of sale, as above set forth, the defendant assigns as error the action of the trial court upon the notice of sale, taken from the motion for new trial in the district court, and presented as an assignment in her fourth assignment, as follows:

"In any event, it was shown affirmatively by the evidence that, if any trustee's sale was made, the same was fraudulent and without authority, had been made by a representative of the defendant to the defendant Southland Lumber Company without proper notice, and for grossly inadequate consideration, and the same was therefore void and of no force and effect, and in any event the court erred in not submitting same to the jury."

We think this was sufficient to require a consideration of the matter, and it was not necessary to hold that the action of the trial court in rendering judgment for defendant was fundamental error. Clarendon Land Invest. Co. v. McClelland, 86 Tex. 190–192, 23 S. W. 576, 1100, 22 L. R. A. 105; Fuqua v. Pabst Brewing Co., 90 Tex. 298–301, 38 S. W. 29, 750, 35 L. R. A. 241; Rowe v. Railway Co. (Tex. Civ. App.) 205 S. W. 731; Brackenridge v. Claridge, 91 Tex. 535, 44 S. W. 819, 43 L. R. A. 593.

[1] We will therefore consider the question of notice, and the absence of recitals from the trustee's deed as being fully before us for consideration. Mrs. Boyd testified that she had received a notice of sale sent her at Hillsboro, Ill. The plaintiff, in support of her cause of action, introduced in evidence her original petition in this cause, filed in the district court of Nueces county, on July 2, 1917, the day before the sale by the substitute trustee of the lot in controversy under said trust deed, in which petition, after describing the trust deed here in question, she prays for the cancellation of the said deed of trust, and pleads as to the notice of sale and the posting thereof as follows:

"That said defendants, and each of them, are threatening to make an attempted sale of plaintiffs' property, as above herein described, under and by virtue of said pretended deed of trust, and have in fact caused to be posted notices of sale of said property under said pretended deed of trust, which said sale, when made, if made, will cast a cloud upon plaintiffs' title to said premises."

In her second amended original petition, upon which trial was had, as to such notice and posting she alleges as follows:

"(3) That the defendant the Southland Lumber Company is asserting some character of claim to the above-described premises, the nature of which, in its entirety, is unknown to these plaintiffs, but which is now asserted to be based upon an alleged and pretended trustee's deed, purporting to have been executed by the defendant T. F. Johnson, having pretended to act under and by virtue of an alleged deed of trust and mechanic's lien contract, alleged to have been executed by the plaintiff V. L. Boyd on the 9th day of May, A. D. 1914, she, the said V. L. Boyd, then being Mrs. V. L. Orr.

"(4) That said pretended sale by said defendant T. F. Johnson was so made pursuant to a pretended advertisement and notice of sale as posted, advertising the time and place of sale as being at the courthouse door in the town of Corpus Christi, Tex., a copy of which said notice was served on the plaintiff V. L. Boyd, and which said notice and advertisement, as so posted and published, pretended to be by virtue of a certain deed of trust and mechanic's lien contract.

"(5) Plaintiffs deny that any such instrument as described in said advertisement and notice of sale, to wit, a deed of trust and mechanic's lien contract, was ever executed by the plaintiff V. L. Boyd, either as such or as V. L. Orr, in favor of H. W. Houk, or any one else, for the benefit of the Southland Lumber Company, to secure the payment of the note described in said notice of sale, or to secure the payment to the Southland Lumber Company in the payment of any sum whatever, and that said pretended sale, so made by said defendant T. F. Johnson to the said defendant the Southland Lumber Company, was void for want of proper advertisement of the nature and character of the instrument under which he purported to act, and further because no such instrument as the one under which he pretended to act, and under which he advertised and posted notices of said sale, was ever executed by the plaintiff V. L. Boyd, either as such or as Mrs. V. L. Orr."

These admissions established the fact that notice was duly posted, and the burden of proving same was removed from defendants. There was no necessity for such proof.

In support of this proposition we quote from the following authorities:

"The original assignment from the plaintiff to Thorn, being upon the back of the conditional certificate in the General Land Office, so that the defendant could not procure it, the affidavit of the fact would seem a compliance with the statute, which provides for the admission of a certified copy. Dig. art. 745; 11 Tex. 235; 12 Tex. 534. But the making of the assignment was expressly averred in the petition, and though thereby rendered admissible, there was no necessity for the defendant to produce it in evidence. There can never be a necessity to prove matters of fact, which the adverse party has alleged in his pleadings." Graham v. Henry, 17 Tex. 167.

"Each party could, without reading it as evidence, avail himself of whatever admissions were made in the pleading of his adversary, without admitting anything alleged therein favorable to the party pleading. * * * If the deeds had not been introduced at all, the result must have been the same. for by the pleadings on both sides they were before the court." Ogden & Johnson v. Bosse, 86 Tex. 344, 24 S. W. 801.

In the case of Crosby v. Bonnowsky, 29 Tex. Civ. App. 455, 69 S. W. 212 (writ denied), Chief Justice James, delivering the opinion of the court, says:

"The court did not err in disregarding the several special matters pleaded by plaintiff to set aside the sale. Plaintiff showed title. Defendant put in evidence the foreclosure decree and the sheriff's deed, but not the order of sale. It is now insisted by appellant that we should reverse and render judgment for him upon this condition of the statement of facts. The allegation in plaintiff's petition of the order of sale was not one of the parts actually stricken out by the court. It was not mentioned in the exceptions, and the order is that it strikes out only those parts to which the exceptions were made. There was no amendment of the pleading, and the allegations of the decree, the order of sale, and the sheriff's deed were all allowed to remain in the pleading. Under these circumstances, there was no necessity for defendant to prove the order of sale. It was not necessary that an allegation in plaintiff's pleading should be offered in evidence to be considered against him."

It is true that the plaintiff in said paragraph 5 of her amended petition in her admission also charges "that said pretended sale, so made by said defendant T. F. Johnson to the defendant Southland Lumber Company, was void for the want of proper advertisement of the nature and character of the instrument under which he purported to act," but as she nowhere sets out or charges any ground for this general statement, we do not think that the force of the admission made in her original petition, put in evidence by her, and which is not so qualified, is in any wise weakened, especially as she offers no evidence as to the "nature and character of the instrument," as alleged in her amended petition.

[2] But there is another phase of the question which we think resolves the question of alleged want of notice of sale. Mrs. Boyd testifies that she received a copy of the notice through the mail at Hillsboro, Ill. The trustee in his deed to the Southland Lumber Company makes the following recitation:

"Which said note has in all things been declared due and payable on account of default in payment of the same; the said V. L. Orr having failed and refused to make the payments as provided in said deed of trust and mechanic's lien contract and note after having been duly notified so to do, and duly served with the notice of the sale as required by law,

I, T. F. Johnson, substitute trustee, of Nueces county, Tex., did offer for sale," etc.

This recitation that plaintiff was duly served with notice of the sale as required by law includes such service as was required by the instrument and by the laws of Texas, and includes the due posting of same.

In the case of Roe v. Davis. 106 Tex. 537, 172 S. W. 708, the facts as to the posting of the notices were as follows:

"The statement of facts contains the following statement: 'Hon. R. P. Dorough, being first duly sworn, testified as follows: Direct examination: I am the R. P. Dorough, who made this deed as substitute trustee. Q. This deed just states that you advertised this property for sale in the manner prescribed by law. Wish you would state to the court how you did advertise it. A. My recollection is, Mr. Thomas, that we made out three notices; I posted one there on the blackboard at the foot of the stairs, in the county building, in Texarkana, and mailed one to Mr Rochelle. to be posted here at the courthouse, and to Mr. Smith at De Kalb, to be posted at De Kalb; that we mailed a copy of it to John Roe and Charity Roe, and then advertised it in the Courier for three weeks.'" Roe v. Davis, 106 Tex. 540, 172 S. W. 709.

The Supreme Court upon these facts hold that this is a sufficient compliance with the terms of the deed of trust in advertising the sale of the lot and to prove a compliance with the statute in its requirement for publication by posting.

In the case of Adams v. Zellner, 107 Tex. 653, 183 S. W. 1143, where the evidence disclosed that the trustee personally posted the notice at the courthouse door, and so recited in his deed as trustee, and forwarded a notice of sale to one of the grantors in the deed of trust, which was duly received, and also mailed notices to persons at two other public places in Hill county to be posted by them, and there was no proof that they posted the notices so mailed to them, and the deed of trust containing this provision:

"And said deed of conveyance made by the said trustee [the deed to be made by him to the purchaser at a trustee's sale], and delivered to any purchaser of said property at such sale, shall be evidence that said trustee has in all things duly and legally executed his trust," etc. Adams v. Zellner, 107 Tex. 653, 183 S. W. 1143

—the deed of trust having been introduced in evidence, Chief Justice Phillips, who delivered the opinion for the Supreme Court, says:

"The trustee's deed was introduced in evidence. In virtue of the provision in the deed of trust, just quoted, the deed established, prima facie, that in the sale under the foreclosure all of the requirements of the law were observed, including the posting of the necessary notices. There was no testimony showing that the notices mailed by the trustee for posting at the two public places in the county other than at the courthouse door were not actually posted, and in this state of the record it is our opinion that no issue upon the question was made." Adams v. Zellner, 107 Tex. 654, 183 S. W. 1144.

[3] The Court of Civil Appeals also holds in this case that the request for the trustee to sell under the deed of trust should have been recited in the trustee's deed, or that proof should have been made of that fact. We cannot agree to this proposition under the facts and circumstances of this case. We think that the request to sell may well be presumed from the facts in evidence. These facts are established by the evidence: The notes in partial payments given by Mrs. Boyd under their terms were due and unpaid, and demand upon her for their payment is shown to have been made. The record further discloses in due order that the defendant Southland Lumber Company appointed T. F. Johnson substitute trustee for Houk, who is shown to have removed from Nueces county, and the deed from the trustee under the sale was duly executed and delivered to the lumber company and accepted by it, as we find it asserting its rights thereunder.

Every circumstance shows that the request to sell was made, and plaintiff made no attempt to prove that it was not made. In the case of Bent-Otero Improvement Co. v. Whitehead, 25 Colo. 359, 54 Pac. 1023, 1024, 71 Am. St. Rep. 140, the beneficiary under the deed of trust contesting the authority of the trustee to sell without his request, it is said:

"Objection was also made to the introduction in evidence of the protested draft above referred to. Aside from these objections, the assignments of error present but one question, and that is whether a trustee named in a deed of trust, wherein the power of sale is conditioned upon the request of the beneficiary, can sell the land and convey to the purchaser a good title without such request, or *without any circumstance from which the purchaser can infer such request.*" (Italics ours.)

As stated above, every circumstance in the case presupposes a request, and in the absence of any evidence tending to show that the request was not made, we hold that the presumption is that the sale was made upon request of the beneficiary.

This brings us to the consideration of the remaining assignments of error presented by defendant in error in her appeal to the Court of Civil Appeals. In their original opinion the Court of Civil Appeals overruled all such assignments, and on reconsideration reversed and remanded the case upon the questions discussed herein, and as to such other assignments only as present questions of law we think they ruled correctly.

We therefore recommend that the judg-

ment of the Court of Civil Appeals be reversed, and the judgment of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.