## KELLEY v. GOODE. (No. 7849.)

Court of Civil Appeals of Texas. San Antonio. Dec. 14, 1927.

Rehearing Denied Jan. 18, 1928.

Trespass to try title ⚖️41(1)—Stipulation in trust deed regarding presumption of performance of sale prerequisites, and recitals of trustee's deed, made prima facie case of title.

In a suit in trespass to try title, where a stipulation was shown to have existed in the deed of trust that in a sale thereunder "all prerequisites to said sale shall be presumed to have been performed," coupled with the recitation in the substitute trustee's deed that the grantor had been theretofore "duly appointed substitute trustee herein in lieu of said original trustee by" the mortgagee, the deed of trust having contained a power of substitution of trustor by mortgagee, and where it was shown that the substituted trustee had been requested by the mortgagee to make the sale, facts *held* sufficient to create presumption of existence of facts necessary to authorize appointment of the substitute trustee and of his power to make the sale under that appointment, hence made a prima facie case of title in his grantee.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit between Robert B. Kelley and Margery B. Goode. From the judgment, Robert B. Kelley appeals. Affirmed.

Baskett & De Lee, of Dallas, for appellant.
Chas. S. McCombs and C. C. Renfro, both of Dallas, for appellee.

SMITH, J. The appeal presents the question of the validity of a sale of real property, by a substitute trustee, under powers conferred in a deed of trust. The question must be determined from recitations contained in the deed of trust and trustee's deed, as no other testimony was offered concerning the powers conferred, or the manner in which they were exercised by the substitute trustee.

The deed of trust contained these stipulations, among others:

"And it is stipulated and agreed that, in case of any sale hereunder, all prerequisites to said sale shall be presumed to have been performed, and that, in any conveyance given hereunder,

all statements of facts, or other recitals therein made, as to the nonpayment of money secured, or as to the request of the trustee to enforce this trust, or as to the proper and due appointment of any substitute trustee, or as to the advertisement of the sale, or time, place, and manner of sale, or as to any other preliminary act or thing, shall be taken in all courts of law or equity as prima facie evidence that the facts so stated or recited are true.

"And it is further stipulated and agreed that, in case of the death, resignation, removal, or absence of said trustee from the county of Dallas, Tex., or his refusal or failure or inability to act, then such person as may be appointed by the holder of said note, or any of them, shall be and is hereby appointed and made successor in trust to said trustee, with all powers herein conferred upon said trustee."

And the trustee's deed, executed by the substitute trustee, contained these recitals:

"Whereas, I, J. G. Morrow, was heretofore duly appointed substitute trustee herein in lieu of said original trustee by Paine L. Bush, the holder of the note, to secure the payment of which said deed of trust was given; and,

"Whereas, default has been made in the payment of said indebtedness and Paine L. Bush, the holder of said note, has since said default requested me, the said substitute trustee, to sell said property in accordance with the provisions of said deed of trust, for the purpose of paying said indebtedness."

And the question is whether in a suit in trespass to try title these stipulations in the deed of trust and recitals in the trustee's deed are sufficient to make a prima facie case of title in the grantee. We conclude the question must be answered in the affirmative.

The stipulation in the deed of trust that in a sale thereunder "all prerequisites to said sale shall be presumed to have been performed," coupled with the recitation in the substitute trustee's deed, that the grantor had been theretofore "duly appointed substitute trustee herein in lieu of said original trustee by" the mortgagee, and had been requested by the latter to make the sale, are sufficient to create the presumption of the existence of facts necessary to authorize the appointment of the substitute trustee, and of his power to make the sale under that appointment. It is true that this presumption could be overcome, perhaps with but slight evidence, but no evidence whatever was offered to that end, and the trial court properly held that the trustee's deed was sufficient to pass title. Adams v. Zellner, 107 Tex. 653, 183 S. W. 1143; Jesson v. Texas Land & Loan Co., 3 Tex. Civ. App. 25, 21 S. W. 625; Lumber Co. v. Boyd (Tex. Com. App.) 244 S. W. 119; Mortimer v. Williams (Tex. Civ. App.) 262 S. W. 123.

This conclusion settles the appeal, and the judgment is affirmed.