## HEINER et ux. v. HOMELAND REALTY CO.

### No. 1816.

Court of Civil Appeals of Texas. Waco.

Dec. 24, 1936.

W. L. Eason, of Waco, for appellants.

McClellan, Lincoln & Williams, of Waco, for appellee.

GALLAGHER, Chief Justice.

Appellee, Homeland Realty Company, a corporation, sued appellants, C. C. Heiner and wife, Jessie Belle Heiner, in trespass to try title to recover a tract of land situated in the city of Waco. Appellants pleaded not guilty.

Ervin Jones and wife, on August 8, 1927, executed and delivered to Edward T. Moore, as trustee, a certain deed of trust on said tract of land to secure a loan made to them by the Federal Mortgage Company of Dallas, Tex., and evidenced by their promissory note for the principal sum of $2,300, with interest thereon as stipulated. Said deed of trust contained the usual power of sale and empowered the holder of said note to appoint a substitute trustee in event of a failure or refusal to act on the part of the original trustee. Ervin Jones and wife, on October 22, 1927, conveyed said tract of land to appellants, who shortly thereafter took actual possession thereof and continued to occupy the same until the time of the trial. Said note and the deed of trust given by Jones and wife to Moore, trustee, to secure the same passed by successive assignments to the Guilford Mortgage Company. Moore resigned as trustee and said mortgage company duly appointed John F. Murphy as substitute trustee. He caused said property to be advertised for sale and sold the same at public auction to the Homeland Realty Company, the highest bidder therefor, and executed and delivered to it a deed thereto.

A jury was impaneled to try the cause. At the close of the testimony the jury, under a peremptory charge from the court, returned a verdict for appellee and the court rendered judgment in its favor thereon for the recovery of said tract of land.

Opinion.

Appellants present a group of propositions in which they complain of the action of the court in giving a peremptory charge in favor of appellee, and assail the sufficiency of the evidence to show the validity, as a matter of law, of the sale made by the substitute trustee to appellee as hereinbefore recited. Appellants' first contention in this connection is that the undisputed evidence showed that the sale was not made by the substitute trustee at the courthouse door of the county. Sales under deeds of trust are required by the terms of our statutes to be made in the county in which the land, or a part thereof, is situated, after the due posting of written notices of the proposed sale at three public places in the county, one of which must be the courthouse door. "Courthouse door" of a county is defined as the principal entrance to the house provided for the holding of the district court. R.S. arts. 3809 and 3810.

The testimony shows that there are two entrance doors to the courthouse on the front or south side thereof. One of these entrances is upon the second floor and is reached from the sidewalk by ascending a long flight of granite steps to a landing formed by a recess in the main

wall of the building, from which double doors afford access to said second floor. All the district courts are held on the third floor of the building, which can be reached only by elevators or by stairways on the inside thereof. The county court and various county offices, including the office of the sheriff, are located on said second floor. Sales of real estate under execution or order of sale have heretofore been habitually made on said recess landing at the head of said flight of granite steps. There is no billboard at that place for the posting of notices and no witness testified to having ever seen a single official notice posted there. The other entrance on the south side of the courthouse is on the first or ground floor thereof. Two cement walks, one on either side of said granite steps, lead to an arch under the same, located immediately in front of the wall of the building and extending the entire width of said granite steps. This archway is about eight feet wide. Double doors therefrom afford entrance to the first or ground floor of the courthouse, from which floor elevators run to the other floors in the building. About 90 per cent. of the people entering the courthouse from time to time enter through these double doors on the first floor. Against the south wall of said archway is a large billboard. Upon this board practically all legal notices required to be posted at the courthouse door are posted. The testimony shows that one written notice of the sale so made by said substitute trustee was posted on said billboard more than three consecutive weeks before the day of sale, and that two other such notices were so posted at two several public places within said county and outside the city of Waco.

The undisputed testimony shows that the sale by said substitute trustee was made on the cement walk at the west end of said arch and within a few feet of the west end of the billboard above described, on the first Tuesday in the month and within the hours prescribed by law. There was testimony that sales under deeds of trust were frequently made in the recess at the head of the granite steps above described, and in a few instances at least, at said archway at the entrance to the first floor. The testimony above recited shows that the requirements of law as to the place of sales made by trustees under deeds of trust were substantially complied with by the substitute trustee in this case, and the sale made by him is not subject to attack on

that ground. Howard v. Fulton, 79 Tex. 231, 236, 14 S.W. 1061.

 Appellants present a group of propositions in which they complain of the action of the court in giving a peremptory charge in favor of appellee on the ground that the only testimony with reference to the time, place, and circumstances of such sale was that of Murphy, the substitute trustee, and that he being an interested witness, his testimony, though affirmative and uncontradicted, could do no more than raise an issue of fact for determination by the jury. That said Murphy was an interested witness is conceded. Appellee, however, relies upon the provisions of the deed of trust creating the power of sale and the recitals of the deed made by said substitute trustee to it as purchaser to constitute prima facie proof of a valid sale and to effectively corroborate the testimony of its said witness. The paragraph of the deed of trust creating such power of sale provided, in substance, that any deed given by any trustee thereunder and any and all statements of fact therein made as to the time, place, and terms of sale, should be taken by any and all courts as prima facie evidence that such statements were true. The deed of the substitute trustee conveying the property in controversy to appellee contained recitals, in substance, that he had sold said property at public auction to appellee Homeland Realty Company at the courthouse door of McLennan county, Tex., between the hours of 10 o'clock a. m. and 4 o'clock p. m. on Tuesday, the 6th day of December, A. D. 1932, after having given public notice of the time, place, and terms of sale as prescribed by the terms of the deed of trust, and after having first posted written notices thereof for three consecutive weeks prior to the day of sale in three public places in said county, one of which was at the courthouse door thereof, and that appellee was the best and highest bidder therefor. Said deed was introduced in evidence and constituted prima facie proof of the truth of the facts so recited. Adams v. Zellner, 107 Tex. 653, 654, 183 S.W. 1143; Roe v. Davis, 106 Tex. 537, 538 et seq., 172 S.W. 708; Southland Lumber Co. v. Boyd (Tex.Com.App.) 244 S.W. 119, 121, par. 2; Allen v. Courtney, 24 Tex.Civ.App. 86, 58 S.W. 200, par. 1 (writ refused). The testimony of the witness Murphy was wholly uncontradicted. The testimony of appellants that they watched on the recess at the head of the flight of

granite steps at the entrance to the second floor of the courthouse continuously from 10 o'clock a. m. until after 4 o'clock p. m. on the day of sale, and that the sale here under consideration was not made at that time and place, cannot be considered as in any way contradicting the testimony of Murphy that he did make such a sale at the end of the arch leading to the entrance on the first floor of the courthouse during said hours. His testimony on this issue was corroborated by the recitals contained in his deed to appellee, to which recitals evidentiary effect was required to be given by the provisions of the original deed of trust. When the testimony of an interested witness is wholly uncontradicted, is clear, positive, and unequivocal on the point at issue and there are no circumstances in evidence tending to discredit or impeach such testimony, conclusive effect may be given thereto. Trinity Gravel Co. v. Cranke (Tex.Com.App.) 282 S.W. 798, 801, par. 5; Amerian Surety Co. v. Whitehead (Tex.Com.App.) 45 S.W.(2d) 958, 961 (1st column), and authorities there cited; Gulf, C. & S. F. Ry. Co. v. Downs (Tex.Civ.App.) 70 S.W.(2d) 318, 321, par. 2 (writ refused); Benn v. Security Realty & Development Co. (Tex. Civ.App.) 54 S.W.(2d) 146, 150, par. 5 (writ refused); M. H. Thomas & Co. v. Hawthorne (Tex.Civ.App.) 245 S.W. 966, 972 et seq., pars. 3 and 4 (writ refused); Dunlap v. Wright (Tex.Civ.App.) 280 S. W. 276, 279, par. 6, and authorities there cited; Smalley v. Octagon Oil Co. (Tex. Civ.App.) 82 S.W.(2d) 1049, at page 1053 (second column), and authorities there cited; Chesapeake & O. R. Co. v. Martin, 283 U.S. 209, 216 et seq., 51 S.Ct. 453, 456, pars. 8 and 9, 75 L.Ed. 983; Butterworth v. France (Tex.Civ.App.) 66 S.W. (2d) 369, 371, par. 3; Still v. Stevens (Tex. Civ.App.) 13 S.W.(2d) 956, par. 2; Texas State Mutual Fire Ins. Co. v. Farmer (Tex. Civ.App.) 83 S.W.(2d) 411, 412, par. 1; Golden v. First State Bank of Bomarton (Tex.Civ.App.) 38 S.W.(2d) 628, 629, par. 1; Western Shoe Co. v. Amarillo Nat. Bank (Tex.Civ.App.) 42 S.W.(2d) 469, par. 3; Sterling Nat. Bank & Trust Co. v. Ellis (Tex.Civ.App.) 75 S.W.(2d) 716, 720, par. 16; Northern Texas Traction Co. v. Nicholson (Tex.Civ.App.) 188 S.W. 1028, par. 5; Springfield Fire & Marine Ins. Co. v. Cameron & Co. (Tex.Civ.App.) 96 S.W.(2d) 788, 790, par. 2. See in this connection: Western Union Telegraph Co. v. Gardner (Tex.Civ.App.) 278 S.W. 278, par. 7; Stanolind Oil & Gas Co. v. Simpson-Fell Oil Co. (Tex.Civ.App.) 85 S.W.(2d) 325, 331, par. 7. The rule of conclusive effect announced in the authorities above cited is, of course, further strengthened when the testimony of the interested witness is, as in this case, affirmatively corroborated by other facts and circumstances in evidence. Shaw v. San Jacinto Realty Co. (Tex.Civ.App.) 16 S.W.(2d) 341, 345, par. 6; Gulf, C. & S. F. Ry. Co. v. Leatherbury (Tex.Civ.App.) 259 S.W. 598, par. 4; Metropolitan Life Ins. Co. v. Wann (Tex.Civ.App.) 81 S.W. (2d) 298, 301, pars. 2 and 3; 41 Tex.Jur. p. 942, § 172; Luling Oil & Gas Co. v. Edwards (Tex.Civ.App.) 32 S.W.(2d) 921, 926, par. 20. Appellants' complaint is overruled.

██ Appellants contend that the court erred in admitting in evidence the instrument executed by the Guilford Mortgage Company as owner of the indebtedness involved herein appointing said Murphy substitute trustee to execute the power of sale contained in the original deed of trust. They base said contention on the fact that the testimony disclosed that said Murphy was vice president of said mortgage company and its attorney for the collection of the indebtedness secured. It was held at an early day in this state that the owner and holder of indebtedness secured by a deed of trust was competent to act as trustee to execute the power of sale contained therein when duly designated as such in the instrument, and that he might also become the purchaser at the sale conducted by him. Scott v. Mann, 33 Tex. 725, 726, 728. The rule announced in said case has been consistently followed since that time. Goodgame v. Rushing, 35 Tex. 722, 723; Marsh v. Hubbard, 50 Tex. 203, 207; Thornton v. Goodman (Tex.Com.App.) 216 S.W. 147, 148, pars. 3 to 6, inclusive; Randolph v. Allen (C.C.A.) 73 F. 23, 37. Appellants do not contend that Murphy failed in any way to observe strict impartiality in the discharge of the trust confided in him. Appellants' contention is therefore overruled.

Reference has heretofore been made to the fact that the original note executed by Ervin Jones and wife to Federal Mortgage Company and the lien created by their deed of trust given to Edward T. Moore to secure the same, passed to the Guilford Mortgage Company, at whose instance the sale was made, by a chain of successive conveyances. Appellants attack the admis-

sibility of some of the links in this chain. We have examined their contentions in this respect, together with authorities cited by appellee, and have decided that the several links to which appellants objected were properly admitted in evidence.

The judgment of the trial court is affirmed.