**ELLIS et ux. v. MICHIGAN REALTY CO. et al.**

No. 10947.

Court of Civil Appeals of Texas. Galveston.

March 7, 1940.

Rehearing Denied April 4, 1940.

J. S. Bracewell, of Houston, for appellants.

T. E. Richards, Jr., of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal in an action in trespass to try title brought by appellants, J. H. H. Ellis and wife, Annie K. Ellis, against National Bond & Mortgage Corporation, and appellees National Debenture Corporation, Michigan Realty Company, and Keswick Corporation, for the title to and possession of Lot 2, Block 21, Brooke Smith Addition to the City of Houston.

Appellants, in addition to a formal petition in trespass to try title, alleged that appellees were claiming rights in said property by virtue of a note secured by a deed of trust on the land in controversy, and a purported substitute trustee's sale thereof; that said loan was usurious in character, and that nothing was due thereon at the time of said sale; that said substitute trustee was never legally appointed under the terms of said deed of trust, and that said sale was void for the reason that the property in controversy had been taken over by the payee of said note under an agreement whereby it would manage the property in question and apply the rentals and revenues received therefrom to the payment of said indebtedness; that said payee, the National Bond & Mortgage Corporation, had held said property by virtue of said agreement up to the time of said foreclosure sale, and that appellants had had no notice of said sale.

Appellees answered by general demurrer, general denial, and pleas of not guilty.

Michigan Realty Company specially pled that it was a purchaser for value in good faith and not liable to account for the rentals of said property.

Keswick Corporation pled that it had incurred various sums in connection with the renting and upkeep of said property.

National Debenture Corporation alleged that the title to said property was in the Michigan Realty Company. It denied that said loan was usurious, and pled various expenses incurred by it in connection with the upkeep of said property. By cross-action it pled that if the title thereto was not in the Michigan Realty Company, that then it, National Debenture Corporation, had acquired said note in due course and was entitled to a foreclosure thereof; that appellants had defaulted in the payments of installments thereon and had failed to pay taxes assessed against said property, and that it, National Debenture Corporation, had removed the original trustee and appointed Wm. E. Arnold as substitute trustee and had requested him to sell said property as provided in said deed of trust; that said substitute trustee had declared said note accelerated and all amounts due thereon due and payable; that he had conducted such sale in accordance with the instructions of said appellee and in compliance with the provisions of said deed of trust and the law governing said sale. It prayed, first, that title be vested in the Michigan Realty Company, and in the alternative that it be given judgment for the balance due on the debt.

In answer to special issues submitted, the jury found that said loan was usurious in character, and the rental value of said property.

On motion of appellees the court, properly considering the usury findings immaterial, rendered judgment in their favor and that appellants take nothing by their suit. At the time the court announced his judgment and prior to the entry thereof, appellants took a non-suit without prejudice against defendant National Bond & Mortgage Corporation, and sought leave to file a trial amendment changing their prayer for relief to enable them to recover of appellee National Debenture Corporation the difference between the amount claimed to be due by them on said note and the amount paid for said property by National Debenture Corporation at said substitute trustee's sale. The court overruled said motion to file a trial amendment.

No issues were requested or submitted on the questions of the validity of said foreclosure sale or as to an agreement or waiver by appellees of their rights to a foreclosure under the terms of said deed of trust.

The record shows that on May 15, 1928, appellants executed their note for the sum of $6,000, payable to the National Bond & Mortgage Corporation, and secured by a deed of trust covering the land in controversy to Joe M. Green, trustee. By instrument dated June 15, 1928, National Bond & Mortgage Corporation assigned said note and the liens by which it was secured to Century Trust Company of Baltimore and Henry Laith, as trustees.

Appellee National Debenture Corporation acquired said note and lien by assignment. By trustee's deeds, one dated April 7, 1936, and one dated October 5, 1936, Wm. E. Arnold, as substitute trustee under said deed of trust, conveyed the land in controversy to Michigan Realty Company for a recited consideration of $5,400.

Said deed of trust provides: "The Trustee, or any successor or Substitute Trustee, may be removed at any time by an instrument in writing under the hands of the holders of a majority in amount of said indebtedness then outstanding, and in case of any such removal a successor and substitute may be named, constituted and appointed by the holders of a majority in amount of said indebtedness without other formality than an appointment and designation in writing. * * * It is expressly agreed that the recitals in any conveyance made to any purchaser by the Trustee, or any Substitute Trustee, shall be full evidence of the matters therein stated, and no other proof shall be requisite of request by the holders of said indebtedness on the Trustee to enforce this trust, or of the amount of the indebtedness for which the sale is made, or of the advertisement or sale, or any particulars thereof, or of the removal of the Trustee or Substitute Trustee, and of the appointment of a Substitute Trustee as herein provided; and all prerequisites to said sale shall be conclusively presumed to have been performed, and the sale made under the powers herein granted shall be a perpetual bar against Grantors, their heirs and assigns."

Said substitute trustee's deed, dated October 5, 1936, contains the following recitations: "And default having been made in the payment of said indebtedness and in the payment of taxes, I, the undersigned, having been duly appointed by the holders of said indebtedness after the refusal of the original trustee to act and his removal by the holder of the indebtedness, I, having been requested by a majority of the holders of said indebtedness, do declare the same at once due and payable and proceed to enforce said trust, did, in pursuance of said request, declare the entire indebtedness at once due and payable, and did, on the 6th day of October, A. D. 1936, (that being the first Tuesday in said month), and after all prerequisites having been complied with, * * * after having given notice of the time, place, and terms of said sale by posting notices thereof * * * and after I had complied with all terms and requisites of said deed of trust authorizing sale, * * *."

Appellants contend that appellees waived their option to accelerate the maturity of said note and to sell said property at foreclosure sale by their action in taking over said property to manage and to apply the revenues therefrom to the payment of said indebtedness. This contention cannot be sustained.

We have carefully examined the record and find no evidence which tends to show an agreement or understanding of any kind which might constitute a relinquishment of any rights under said deed of trust as to the acceleration of maturity of said note or of the sale of said property by the holders of said note, nor were any issues requested nor submitted as to any such agreement or understanding.

Appellants further contend that the sale under said deed of trust and the trustee's deed were invalid because the deed was executed by Wm. E. Arnold as substitute trustee. As above stated, the deed of trust provides that the trustee, or any successor or substitute trustee, may be removed by an instrument in writing, and in case of such removal a successor or substitute may be named without other formality than an appointment and designation in writing. It states also the provision that the recital in any conveyance made by any substitute trustee shall be full evidence of the matters therein stated, and no other proof shall be requisite of request by the holders of said indebtedness, or of the advertisement, or sale, or any particulars thereof, or of the removal of the trustees and of the appointment of a substitute trustee as therein provided. The recitation in the substitute trustee's deed that the undersigned "having been *duly appointed*", "after the refusal of the original trustee to act," can only mean that said substitute trustee was appointed in

accordance with the terms of the deed of trust under which said powers were conferred, and since said deed of trust provided for an appointment in writing, the language in said substitute trustee's deed stating that he had been *duly appointed* can have but one meaning, that is, that he was *appointed in writing*.

■ Appellants contend that since said property had been sold by Wm. E. Arnold as substitute trustee on April 7, 1936, that the sale of October 6, 1936, which recited that said sale was made on that date, is invalid. This contention cannot be sustained. We know of no rule which prevents a second sale of property under a deed of trust where all prerequisites of said sale have been complied with.

■ It is now the established rule in this state that the recitals in a deed of trust to the effect that in case of sale all prerequisites of sale shall be presumed to have been performed, and that all statements of fact in any conveyance given under the deed of trust as to the advertisement of sale, the removal of trustee and appointment of substitute trustee, etc., shall be prima facie evidence of the truth of the facts stated. Natali et al. v. Witthaus et al., Tex.Com.App., 135 S.W.2d 969; Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143; McFarlane v. Whitney, Tex. Com.App., 134 S.W.2d 1047.

Appellants assign error in the refusal of the trial court to grant their motion to file trial amendment changing their prayer for relief in order that they might recover from appellee National Debenture Corporation the difference between the amount claimed to be due by them on said note and the amount paid for said property by National Debenture Corporation at said substitute trustee's sale.

After the court had announced its decision to render judgment in favor of appellee Michigan Realty Company, counsel for appellants requested permission to file a trial amendment setting up said facts. In overruling appellants' motion the court entered the following order: "The foregoing was presented before signing of the decree but after judgment was rendered and in all things overruled, to which plaintiff in open court excepted."

Plaintiffs' prayer for relief was as follows: " * * * that defendants be compelled to file herein under oath a true and correct account of all rents collected under and by virtue of said agreement; that they have judgment for title, and that they have judgment for rents collected as aforesaid, for costs of suit and such other and further relief as they may be entitled to receive."

The jury was requested to find, in answer to issues submitted, not the amount of rentals collected, as prayed for by appellants, but the reasonable monthly rental value of said property for which no recovery was sought.

While the record contains photostatic copies of records showing certain payments ostensibly made on said $6,000 note and agreements as to amounts collected by the Keswick Corporation, we are referred to no statement showing the total amount of payments made thereon or the expenses, if any, chargeable against such payments.

Obviously, the trial amendment sought to be filed by appellants would have authorized a recovery not permitted under their prayer, unless they were entitled to such relief under their prayer "for such other and further relief as they may be entitled to receive", in which event a trial amendment was not necessary.

■ The law is well settled that the filing of trial amendments rests largely in the sound discretion of the trial court and that such discretion will not be disturbed unless it clearly appears from the record that there has been an abuse thereof. National Life & Accident Ins. Co. v. Hines, Tex.Civ.App., 50 S.W.2d 364; Rivers v. Griffin, Tex.Civ.App., 16 S.W.2d 874. Further, our courts have uniformly held that it was not intended by the rule allowing the filing of trial amendments that an amendment might be made as a matter of right so as to include an amendment setting up a new cause of action or new defenses not pleaded or set up in some former plea and which might cause a re-opening of the case after proceeding to trial. Bender v. Bender, Tex.Civ.App., 187 S.W. 735.

■ In this case the trial court overruled said application for leave to file trial amendment, after a thorough hearing of the facts. A consideration of the record convinces us that the trial court did not, in so ruling, abuse his judicial discretion.

These conclusions require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.