# JUNE, 1924.

## SEAMANS OIL COMPANY ET AL. v. J. H. GUY ET AL.

No. 3802. Decided June 6, 1924.

(262 S. W., 473).

1.—Election of Rights and Remedies.

There is a distinction between election of rights and election of remedies as to their effect on estoppel. The latter, made by the institution of a suit, estops only when the party has prosecuted it to final judgment, receives something of value by his claim, or affects the other party adversely by his choice. Where the choice is between inconsistent rights as distinguished from inconsistent remedies, the party is estopped though he does not prosecute his suit to judgment. (P. 45).

2.—Mandamus—Conflicting Decisions.

The ruling of the appellate court herein (239 S. W., 696) that the election of the lessor in an oil lease to institute suit for its cancellation because of failure to prosecute work of development, instead of claiming the annual rentals deposited in accordance with the lease for the purpose of keeping it alive without such development work, though considered a choice between inconsistent rights rather than remedies, was not a conclusive election and did not estop him, on his dismissing such suit, from claiming the rental deposits made by lessee, is so far in conflict with other decisions (Stine v. Producers' Oil Co., 203 S. W., 126; Bauman v. Jaffray, 26 S. W., 260) as to require a writ of mandamus to the Court of Civil Appeals to certify the case to the Supreme Court. (Pp. 45, 46).

3.—Same—Optional Contract.

The ruling on appeal herein (239 S. W., 696) evidently proceeds on the theory that the lease was not forfeitable at the mere option of the lessor, but could be continued in force by annual rental payments by the lessee. But if it proceeded on the former theory it would be in conflict with Stine v. Producers' Oil Co., 203 S. W., 126; and Clemenger v. Flesher, 185 S. W., 304. (Pp. 44, 45).

Original application to the Supreme Court for writ of mandamus requiring the Court of Civil Appeals for the Eighth District to certify a question to the Supreme Court on the ground of conflict in decisions.

The Supreme Court referred the case to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same and awards mandamus as recommended by the Commission.

*Conner & McRae,* for relators.

*Grissom Bros.,* for respondent Guy.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This is a request on the part of the Seamans Oil Company and the Empire Gas & Fuel Company, relators, for a writ of mandamus to require the Court of Civil Appeals for the Eighth Supreme Judicial District to certify to the Supreme Court a question of law in the case of Seamans Oil Co. et al. v. Guy. The opinion of the Court of Civil Appeals is found in 239 S. W. Rep. 696. The following brief statement of facts will disclose the question involved:

On July 30, 1915, J. H. Guy and wife executed an oil and gas lease to J. T. Neill, and relators are the assignees of said lease. The lease provided that drilling should be begun on the land prior to three years from its date, or lessee should pay lessors or deposit to their credit in the Farmers State Bank & Trust Company the sum of $240.00 for each successive six months thereafter in order to avoid a forfeiture, but in no event should the time for development be extended beyond five years from date of the lease. This was in the usual form of optional contracts. Beginning with July 2, 1918, and continuing to December 15, 1919, in accordance with the terms of the contract, deposits were made by the assignees of the lease in the bank named aggregating $1120.00. Guy refused to accept any of these rental deposits. On March 6, 1919, Guy filed suit in the District Court of Eastland County against the assignees of the lease, seeking rts cancellation, alleging numerous grounds including fraud, failure to develop, lack of consideration, insufficient description, breach of contract, and the following: "Because said contract being a mere option may be revoked by either party at will, and the plaintiff has

elected to revoke the same and did revoke the same by instituting a suit in the District Court of Eastland County, Texas, praying for a cancellation of said contract.'' A few days before the expiration of the lease according to its terms Guy dismissed the suit in the district Court of Eastland County which had been brought for cancellation of the contract.

August 24, 1920, respondent Guy instituted another suit in the County Court at Law of Eastland County against the Farmers State Bank and Trust Company to recover $962.62 of the amount which had been deposited there by the oil companies, and which had been transferred by the bank from the account of Guy to an escrow account. The bank answered, claiming to be a stakeholder. Relators intervened, claiming the amount on deposit with the bank, and pleaded estoppel against Guy, on the ground that his prior action in refusing the deposits and disclaiming any right, title or interest therein, and his act of bringing suit in the District Court of Eastland County to cancel the lease contract, constituted such an election of rights and remedies as to estop him from claiming the money in this suit. In his supplemental petition respondent, Guy, admits that his pleading in the District Court case contained the following:

''These plaintiffs (J. H. Guy and wife) further deny that they have ever received, either from the defendents or intervenor, or their assignors, any moneys whatever as commutation payments for the right to defer commencement of development on said lands for oil and gas, but have at all times refused to accept same and have thereby notified the defendants and intervenor of the termination of said contract, and specifically deny that any effort whatever has ever been made by anyone to develop their said land for oil and gas.''

The Honorable Court of Civil Appeals has held that upon this state of facts there was no such election of rights or remedies on the part of Guy, in refusing to accept the rentals and in filing suit to cancel the lease contract, as would estop him to prosecute this suit and to recover the rentals. Relators contend that this holding is in conflict with the decisions of other Courts of Civil Appeals in the cases of Clemenger v. Flesher, 185 S. W., 304, Bauman v. Jaffray, 6 Texas Civ. App., 489, 26 S. W., 260, Stine v. Producers oil Co., 203 S. W., 126, and Providence, etc., Ins. Co. v. Boatner, 225 S. W., 1115.

Relators proceed upon the theory that at the time Guy filed the suit in the District Court of Eastland County for a cancellation of the lease contract, it being optional, he could terminate same at will, and the filing of the suit constituted a revocation. That the lease by its own terms authorized this is strongly indicated by the allegations of respondent in the district court proceeding. If this be true, then the decision of the Court of Civil Appeals in this case is unquestionably in conflict with the decision of the Amarillo Court in the case

of Stine v. Producers' Oil Co., supra, and in conflict with the reasoning of the Court in the case of Clemenger v. Flesher, supra. However, from the meager statement as to the terms of the contract, in the light of the Court's opinion, we are not authorized to give this construction to the lease. The Court has evidently decided that so long as the lessee or his assignees made tender of the commutation payments Guy had no right to forfeit or terminate the contract under its own terms.

The doctrine of estoppel by election of inconsistent rights or remedies does not seem to have been extensively discussed by the courts of this state, and there is some confusion in the decisions. While the courts of our state have not clearly recognized it, yet there is an important distinction between an election of rights and an election of remedies. One is a choice between inconsistent substantive rights, while the other is a choice between forms of action or procedure. The general rule seems to be this:

"If one having a right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment or receives anything of value under the claim thus asserted, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy. And where the right in the subsequent suit is inconsistent with that set up in the former suit, as distinguished from a merely inconsistent remedy, the party is estopped though the former suit may not have proceeded to judgment. But where the inconsistency is in the remedies it is generally considered that there is no estoppel where the former suit was dismissed without trial or before judgment." 10 R. C. L. 703-704.

In the present instance we think the choice made by Guy at the time of filing suit in the District Court of Eastland County was one between inconsistent rights, rather than one of remedies. At that time he had the right to affirm the invalidity of the contract on account of fraud and the many other matters alleged, or he had the right to affirm its validity and receive the benefits thereunder. These rights were wholly inconsistent. The effect of the decision of the Court of Civil Appeals is that the election made by him was not irrevocable, and did not work a judicial estoppel. It is not for us to decide whether this is a correct holding or not. On the other hand, in the cases of Stine v. Producers' Oil Co., and Bauman v. Jaffray, the courts have in effect held that when a choice has been made between inconsistent substantive rights and suit instituted thereon, the election becomes irrevocable, although the suit may be dismissed without being prosecuted to judgment. For instance, in the case of Bauman v. Jaffray it was held:

"Where goods are conveyed to a trustee to secure certain creditors, and one of them levies an attachment on the goods, such act is an election to reject the mortgage, and he cannot thereafter, though he dismiss the attachment, claim any rights under the mortgage."

It is true the present case and the cases cited may be distinguished to some extent on the facts, but when we adopt the general principle as a test, it is seen that one of them falls upon one side of the rule while the others fall upon the other side. The Court of Civil Appeals in support of its opinion refers to the case of Hartford Life Ins. Co. v. Patterson, 231 S. W., 814. In that case, discussing the doctrine of election of remedies, the court say:

"Besides, since there is a conflict of authority in the application of this doctrine, conceding ·the original petition and the amended petition to assert inconsistent rights, we choose to follow those authorities which seem to hold that the mere institution of a proceeding is not such a conclusive election as will prevent the plaintiff from abandoning it and pursuing an inconsistent remedy."

We have reached the conclusion that there is such conflict between the decision of the Court of Civil Appeals in the present case and the cases referred to as to require the question to be certified to the Supreme Court, and we therefore recommend that the writ of mandamus be issued.

Mandamus was issued by the Supreme Court in accordance with the recommendation of the Commission of Appeals.