Maud Lillian WILSON, Individually and as Independent Executrix of the Estate of J. R. Wilson, Deceased, Appellant,

v.

Clyde R. VANCE et al., Appellees.

No. 5583.

Court of Civil Appeals of Texas.

El Paso.

Dec. 4, 1963.

Rehearing Denied Jan. 8, 1964.

Thompson, Walker, Smith & Shannon, Paul C. Cook, Fort Worth, Hill D. Hudson, Pecos, for appellant.

John P. Dennison, Ralph E. Page, Pecos, for appellees.

CLAYTON, Justice.

Suit was brought against appellant individually and as Independent Executrix of the Estate of J. R. Wilson, Deceased, to set aside trustee's sales under four deeds of trust covering a section of land in Reeves County, Texas. Appellant filed a counter-claim in trespass to try title against the four appellees, and also joined as cross-defendant Billie Sol Estes, who had purchased the land in controversy from appellant's deceased husband and had executed four deeds of trust in favor of the husband and then had conveyed the land to appellees and leased it back from them. Motions for summary judgment were filed by appellees and also by appellant on the basis of pleadings and depositions. The trial court overruled appellant's motion for summary judgment and granted appellees' motion for summary judgment, and this appeal resulted.

The essential facts are not in dispute. On March 28, 1956 J. R. Wilson, later deceased, joined by his wife, appellant herein, conveyed by four separate deeds a section of land in Reeves County, Texas to Billie Sol Estes. A vendor's lien was retained in each of said deeds to secure the unpaid balance of the purchase price represented by notes executed by Estes, and four separate deeds of trust, to further secure such indebtedness, were executed by Estes to A. C. Parks, trustee for the benefit of Wilson. These deeds of trust were filed for record in Reeves County on March 30, 1956. Upon the death of Wilson, appellant became the legal and equitable owner of the notes. Estes became delinquent in his payments on said notes. In April, 1960, L. T. Wilson, a Wichita Falls attorney and son of the appellant herein, obtained a partial pay-

ment from Estes on the delinquent portion of said notes, but the notes were not brought up to current status and suit was filed by appellant against Estes to recover on the notes, plus interest and attorney's fees. This suit was filed in Wichita County, L. T. Wilson claiming in his deposition that this was done at the request of Estes, who is alleged to have stated that a suit in Reeves County would throw him (Estes) into bankruptcy. Although the petition in said suit pleaded the existence of the deeds of trust and asked their foreclosure, the judgment that was entered in the suit was a purely money judgment and no mention was made of foreclosure of the liens. The judgment was dated August 8, 1960, but it was not filed with the clerk of the court until February 16, 1961. These are points that will be subsequently discussed at more length.

On the 31st day of October, 1960, Estes conveyed, by four separate deeds, the surface of the land in question to the four appellees, and simultaneously with said deeds, each grantee leased the land deeded to him back to Estes. Apparently unaware of these conveyances, appellant, by letter of March 17, 1961, authorized the trustee, Parks, to proceed under the terms of the four deeds of trust to conduct trustee's sales. Pursuant thereto, notices of the sales were posted and the sales took place on May 2, 1961, the property being struck off to appellant as Independent Executrix of the Estate of J. R. Wilson, Deceased. Appellees' suit to set aside the trustee's deeds followed in June, 1961 and, as stated, resulted in summary judgment being granted to appellees.

In the judgment, the trial court found that appellant had elected to invoke the remedy of judicial foreclosure of her deed of trust liens rather than through the exercise of the power granted under the said deeds of trust, and that the remedy so elected was pursued to a conclusion and that the issue of judicial foreclosure was finally determined by the court in Wichita County. Appellant's second point

of error is assigned to this finding of the trial court. The court further found that the trustee had failed to give sufficient notice of his proposed trustee's sales by posting notices in three public places in Reeves County, where the property was situated, and this holding is the basis of the first point of error. The third point of error relates to the court's refusal to grant appellant's motion for summary judgment for title and possession of the land in controversy.

We direct our attention first to appellant's second point of error which relates to the court's finding that appellant had elected to follow, and had pursued to conclusion, her remedy of judicial foreclosure of her deed of trust liens, and therefore was barred from later exercising her alternate remedy of foreclosure out of court under the power granted her under the said deeds of trust. What seems to be the prevailing rule in Texas relative to election of inconsistent remedies was enunciated in Seamans Oil Co. v. Guy, 262 S.W. 473 (Tex.Com.App., 1924; adopt. Opinion) as follows:

> " 'If one having a right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment or receives anything of value under the claim thus asserted, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy. * * *' 10 R.C.L. 703, 704."

In a review of the facts in the Seamans Oil case on certified question, the Commission of Appeals (276 S.W. 424, 1925, adopt. Opinion) repeated the above-stated rule, while especially holding that a decision was not required on the question of whether, under all circumstances, the mere filing of a suit, which is not prosecuted to judgment, based on an inconsistent cause of action, is an irrevocable election to rely on the remedy being sought, and a com-

plete bar to an action thereafter filed seeking relief which is repugnant to that claimed in the former suit. See also: Election of Remedies, 6 A.L.R.2d 20, 76, 77. In 21 Tex.Jur.2d 208, 209, sec. 10, Election of Remedies, it is set out that the mere institution of suit or application for a remedy does not constitute an election of remedies, *unless* it appears that the litigant has received some benefit or that his opponent has suffered some loss or detriment. (See cases cited to the text.) Since this same rule has been applied to choice of remedies which are not inconsistent but are alternative and concurrent (State v. Compton, Tex.Civ.App., 174 S.W.2d 977, syl. 2, 3), we deem it unnecessary to determine the character of the remedies available to appellant in the instant case.

Appellant strongly urges that if there was an attempt to obtain judicial foreclosure in the suit filed in Wichita County, the appellant had abandoned such attempt. In other words, she seeks to reconcile her position with the holding in the Seamans Oil case, supra, by showing that she had neither pursued her pleaded remedy of foreclosure to final judgment in the Wichita County suit, nor had she received anything of value under such claimed remedy, and the other party therein and the appellees herein had not been affected adversely by the assertion of such remedy. To sustain this position she relies heavily upon the case of Ferrantello v. Paymaster Feed Mills, 336 S.W.2d 644 (Tex.Civ.App., 1960, Ref.N.R.E.). The cited case as nearly approaches the facts in the instant case as any we have been able to find. In that case the appellee sued one Bezner on a number of purchase money notes and for foreclosure of chattel mortgage liens on some chickens. He also sued the Ferrantellos for damages for alleged conversion of a part of the chickens which he claims were subject to the recorded mortgages at the time of the purchase by the Ferrantellos of the chickens from Bezner. Under a plea of privilege the cause of action against the Ferrantellos

was transferred to Dallas County. During the pendency of the suit against Bezner certain payments on the notes were made by the latter and credited to his account. Thereafter an agreed money judgment was entered against Bezner for the balance due on the notes, but the judgment did not provide for foreclosure of the chattel mortgages. The Ferrantellos in the Dallas case then entered a plea in abatement and motion to dismiss grounded on the theory that by proceeding to judgment against Bezner on the notes (on which partial payment had been made during pendency of the suit) the Feed Mills, as a matter of law, had made an election of remedies and was estopped from recovering judgment against the Ferrantellos for alleged conversion of some of the mortgaged property. The trial court overruled the plea and motion, and in so doing was sustained by the Court of Civil Appeals, the latter holding:

> "The judgment against Bezner was not a judgment of foreclosure. It was a simple money judgment for the balance due after allowing Bezner credits for payments made. True, appellee in its original petition plead for foreclosure; but the mere institution of a suit for foreclosure without prosecuting the suit to a judgment of foreclosure does not constitute an election of remedies under the circumstances here present. Texas Building & Mortgage Co. v. Rosenbaum, Tex.Civ.App., 159 S.W.2d 554, 558; Seamans Oil Co. v. Guy et al., 114 Tex. 42, 262 S.W. 473; Lewis et al. v. Powell, Tex.Civ.App., 205 S.W. 737."

Appellant in the instant case maintains that the judgment entered by the Wichita County court was an *agreed* judgment, and that the circumstances herein bring this case directly in line with the holding in the Ferrantello case. It appears that in the Wichita County case the attorney for appellant and an attorney for Estes conferred about the case and it

was arranged that Estes would make a substantial payment on the indebtedness represented by the notes and that judgment would be entered for the balance of the indebtedness due. There was also some discussion about delaying the filing of the judgment with the clerk of the court until January 15, 1961. The attorney for the appellant stated that he would give Estes an extra month to pay the balance of the indebtedness and would refrain from filing the judgment until February 15, 1961. The judgment was actually filed February 16, 1961. It was dictated in the office of the attorney for appellant and the attorney for Estes was present during part of the dictation, and while appellant's attorney claimed that the attorney for Estes dictated part of the judgment, the latter stated that he possibly had done so but that he could not recall that he had. In any event, the judgment that was prepared and later entered was a judgment that Estes' attorney "agreed that he (appellant's attorney) could take." No mention was made about the remedy of foreclosure, but all the circumstances indicate most strongly that it was a mutual understanding that such remedy would not proceed to judgment. There is nothing in these circumstances to indicate that appellant had received anything of value under the claim for foreclosure as asserted in the pleadings, nor had Estes (and certainly not the appellees) been affected adversely by these proceedings so as to preclude appellant from later pursuing the remedy of foreclosure out of court by virtue of the powers granted by the terms of the deeds of trust. Appellees contend that, even though the deeds of trust had been placed of record long before appellees acquired their interest in the property from Estes, the latter could have defended against foreclosure under the deeds of trust on the doctrine of election, after the entering of the Wichita County judgment, and that this right inured to the appellees, since they "may oppose to the encumbrance any defense that might have been set out by the mortgagor." From what has been said above, we do not ac-

cede to the contention that Estes could have defended against foreclosure under the deeds of trust, and therefore such a defense could not have been available to the appellees. It is our holding under these circumstances that there was error on the part of the trial court in holding that appellant had elected to pursue her remedy of judicial foreclosure and had pursued the remedy to a conclusion, and therefore was barred by the doctrine of election from foreclosing her deed of trust liens by trustee's sales. Our Supreme Court has stated, in Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377:

"* * * The doctrine of election of remedies is not a favorite of equity. It has been said that it 'is a harsh, and now largely obsolete rule, the scope of which should not be extended.' Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 452, 62 L.Ed. 1075, 1083, 1084; 18 Am.Jur. p. 129, Sec. 2."

This expression has been repeated by the Supreme Court in Liberty Mut. Ins. Co. v. First Nat. Bank in Dallas, 151 Tex. 12, 245 S.W.2d 237, and by the Eastland Court of Civil Appeals in Lone Star Mining Company v. Texeramics, Inc., 363 S.W.2d 868 (Ref.N.R.E.). We must sustain appellant's second point of error.

Appellant's first point of error complains of the trial court's holding that the trustee's sales were invalid for failure to post any of the notices of sale outside of the corporate limits of the county seat, to-wit, the City of Pecos, in Reeves County, Texas, where the land in question was situated. The statute governing sales under deeds of trust is Article 3810, Tex.Rev. Civ.St. The statute provides:

"* * * Notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the day of sale in *three public places* in said county or counties, one of which shall be made at the courthouse door of the county in which

such sale is to be made * * *." (Emphasis added.)

The wording of the four deeds of trust give the trustee instructions as to posting of notices in substantially the language of the statute. The notices were posted at Pecos near the front door of the City Hall, the bulletin board by the front door of the courthouse and at the Housing Project. The question which must be determined, therefore, is whether or not the places where such notices were posted were "three public places" under the wording of Article 3810. The appellees assert they were not, and rely on Phipps v. Fuqua, 32 S.W.2d 660 (Tex.Civ.App., 1930, Wr. Ref.). In that case two of the trustee's notices of sale were posted within the city limits of the town of Hereford, the county seat; one being posted at the courthouse door. The opinion recites:

"The appellee's contention that the purpose of the law was to have the notices posted at such places as would come under the observation of the most people, and that, as the town of Hereford contains the greater mass of the population of Deaf Smith county, the posting of two of the notices within the city limits was a substantial compliance with the law's requirements. We cannot agree that the language of article 3810, R.C.S., can be given such interpretation. In providing for the issuance of such notices, the article requires that a notice in writing shall be posted in 'three public places' in the county. If the Legislature intended this to be the construction as claimed by the plaintiff, then why provide for three notices instead of one at the courthouse, or in its neighborhood. We think that it was clearly the intention of that body to give widespread notice of sale by posting same in three different and distinct public places. The failure to give notice of a sale of land under a deed of trust by posting three notices in three different

public places renders the sale void. * * *"

In passing upon the opinion in the Phipps v. Fuqua case, the Commission of Appeals, in McFarlane v. Whitney, 134 Tex. 394, 134 S.W.2d 1047 (in a 1940 opinion adopted by the Supreme Court) has this to say:

" * * * the notices of sale of land in Deaf Smith County were posted, as shown by the recital in the trustee's deed, one at the courthouse door, 'one at the cross section of Harrison highway and Twenty-Five Mile Avenue, and one on a telephone post on East Third street in Hereford, north of the First National Bank Building'. This recital is the only evidence in the statement of facts in that case with reference to the places where the notices were posted." (This is true in the instant case.) "It seems, therefore, to have been held by the Court of Civil Appeals in the Phipps v. Fuqua case that the posting of two of the notices in one town constitutes of itself, and without reference to any other facts, a failure to comply with the requirement of the statute that the notices be posted in three public places. It is our opinion that such decision is unsound for the reasons hereinbefore stated."

The appellees attempt to distinguish the McFarlane case from the Phipps case and the instant case by language used in the former opinion which would indicate that there were no public places in Crane County where the notices were published other than within the city limits of the Town of Crane, and therefore the Commission of Appeals could make no other decision than the one that it made. Appellees point out, without any support in the evidence, as far as can be determined, that in the instant case there were other public places in Reeves County where notices could have been posted, outside of the limits of the City of Pecos. But the

language employed in the McFarlane case by the Commission of Appeals does not limit its decision to the special facts in that case, and is equally applicable to the present case. It says:

"The requirement is merely that the notices be posted in three public places in the county, one of which shall be at the courthouse door. Thus the courthouse door is designated by the statute as one of the three public places and it is left to the trustee to select two other public places in the county. The statute does not provide that the other two public places selected shall not be in the town or city that is the county seat, and it does not prohibit the posting of *two or of all three* of the notices in the same city or town. We are not authorized to read such provision into the statute." (Emphasis supplied.)

The decision further points out that there was no such relation between any two of the three places where the notices were posted in the McFarlane case "in location, ownership or use, as to make them in effect one place." This observation has particular reference to the case of National Loan & Investment Co. v. Dorenblaser, 30 Tex.Civ.App. 148, 69 S.W. 1019, also distinguished by the Commission, where notices were posted, one at the courthouse door, one on a telephone pole near the northwest corner of the courthouse square, and the third on a telephone pole near the northeast corner of said square. The Court of Civil Appeals in that case held that such posting of notices was practically in one place and not at three public places, as contemplated by the statute. We have no such situation in the instant case, although the evidence herein does not clearly inform us of the actual location of the three public buildings in Pecos where the three notices were posted.

It might be well to refer here to one other factor taken into consideration in the decision in the McFarlane case. As to the posting of notices, the Commission points out that the deed of trust in that case provided that:

"* * * before making sale of the property the trustee shall give 'notice of the time, terms and place of sale and of the property to be sold, as now required by statute in sales of real estate under deeds of trust'. It authorizes the trustee after selling the property to execute to the purchaser a good and sufficient deed to the property sold. The last paragraph in the deed of trust is as follows: 'It is further provided that the recitals in the conveyance to the purchaser shall be full evidence of the matters therein stated, and all the prerequisites to said sale shall be deemed to have been performed.' The trustee's deed made after the sale * * * contains among other recitals the statement that the sale was made 'after having given public notice of the time, place and terms of such sale as required by law and by the terms of said deed of trust.' "

The decision then goes on to say:

"From the recitals in the deed of trust and the trustee's deed, above quoted, the presumption arises that public notice of the sale was given as required by law and by the terms of the deed of trust. Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143."

In Birdwell v. Kidd, Tex.Civ.App., 240 S.W.2d 488 (1951, N.W.H.), a Court of Civil Appeals decision citing the Supreme Court decision in Adams v. Zellner held, after stating that the appellant therein, among other objections to the sale under the deed of trust, contended that such sale was void because notices were not posted before the sale as required by law and the deed of trust, the following:

"* * * these contentions are foreclosed by the following recitals in the deed of trust: 'It is expressly agreed

that the recitals in the conveyance to the purchaser shall be full evidence of the truth of the matters therein stated and all prerequisites to said sale shall be presumed to have been performed.' The deed by the trustee recited * * * (that) proper notice had been given and posted * * *. In such circumstances the presumption obtains that all these things recited to have been performed in the trustee's deed were performed, and the presumption will obtain until it is stricken down by competent testimony. As heretofore stated, there is not sufficient testimony in this record to overcome the presumption expressly provided in the deed of trust and carried forward by the recitations in the trustee's deed. Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143; Natali v. Witthaus, 134 Tex. 513, 135 S.W.2d 969; McFarlane v. Whitney, 134 Tex. 394, 134 S.W. 2d 1047, and cases there cited."

In the case at hand the deeds of trust provide:

"And it is further specially agreed by the parties hereunto, that in any deed or deeds given by any Trustee or substitute duly appointed hereunder, any and all statements of facts or other recitals therein made as to the non-payment of the money secured, or as to the request to sell, the time, place, terms of sale and property to be sold having been duly published, or as to any other act or thing having been duly done by any Trustee, or substitute, shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals do state facts, and are without further question to be accepted."

The trustee's deed sets out that:

" * * * having given public notice of the time, place and terms of such sale, as required by the terms of said Deeds of Trust, by posting written notices in three public places in said

County of Reeves and State of Texas, one of which was at the Court House door of said County of Reeves, State of Texas * * *."

The foregoing recitations in the deeds of trust and the trustee's deed bring the present case squarely within the holding in the Birdwell case, and we find that there is not here sufficient evidence to overcome the presumptions arising from the express provisions of the deeds of trust and carried forward by the recitations of the trustee's deed that the trustee acted properly and legally in conducting the trustee's sale of the property in question. As brought out in the case of Topletz v. Thompson, 342 S.W.2d 151 (Tex.Civ.App., 1960; N.W.H.), it must be remembered that the appellees here were plaintiffs in the trial court. They alleged as part of their cause of action seeking to set aside the trustee's deed that the trustee wholly failed to give public notice of the contemplated sale within the meaning of the statute, and the burden was therefore on them to prove by a preponderance of the evidence that the statutory notices were not posted in the manner required by law. This burden, we feel, they have not carried, and appellant is sustained in her first point of error.

The appellant's third point of error urges that the trial court erred in refusing to grant appellant's motion for summary judgment for title and possession of the land in controversy. From what has been said above, this point resolves itself. In the Topletz case last cited herein, the court states:

"The terms 'public place' as used in Art. 3810, Vernon's Ann.Civ.St. is relative, and whether a notice was posted in a public place within the meaning of the statute is sometimes a question partly of fact and partly of law. Thomas v. Martin, Tex.Civ. App., 166 S.W.2d 934; Hunt v. Isom, Tex.Civ.App., 77 S.W.2d 1095."

The facts in the present case relative to the manner in which the notices of sale were posted are not in dispute. We are of the opinion that the law is adverse to the holding of the trial court. We are therefore compelled to approve appellant's third point of error and hold that her motion for summary judgment should have been granted, appellees' motion for summary judgment should have been refused, and title and possession of the property involved should have been granted to appellant.

The judgment of the trial court is accordingly reversed and this cause is hereby remanded with instructions to the trial court to render judgment for appellant in the respect indicated.