**Dean M. NEWGARD et ux., Appellants,**

**v.**

**HAMBURG SAVINGS BANK et al.,**
**Appellees.**

**No. 5961.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 26, 1968.

Paul Andow, El Paso, for appellants.

Collins, Langford, Pine & Woodard, Glenn Woodard, El Paso, for appellees.

OPINION

CLAYTON, Justice.

This is an appeal from a summary judgment granted appellees in a suit filed against them by the appellants to set aside a foreclosure and trustee's sale of a parcel of land located in El Paso, Texas.

Appellants present three points of error: The trial court committed error, (1) in admitting appellees' motion for summary judgment and affidavit which were based on hearsay testimony; (2) said motion was based on conclusions of law and fact; (3) in finding that there were no genuine issues of fact.

Appellants, in Point of Error No. 1, quote from Rule 166–A(e), Texas Rules of Civil Procedure, as follows:

"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. * * * "

Appellants maintain that one Joe Donathan, the affiant in the affidavit supporting the motion for summary judgment, could not have personal knowledge of correspondence of T. J. Bettes Company, the owner of the deed of trust, with appellants, notifying

them of their default in payments on their note, which notifications were mentioned in the affidavit. The T. J. Bettes Company is situated in Houston, Texas, but Donathan is an agent or employee of the company and was a substitute trustee in the deed of trust and, on one occasion, had personally notified appellants of their delinquency.

Furthermore, appellees point out the language set out in Fuller Construction Co. v. Hudson, 11 S.W.2d 541, 542 (Tex.Civ.App. 1928, n. w. h.), that "the owners of real estate are not entitled to personal notice of foreclosure under the power of sale contained in the deed of trust securing a superior lien," citing cases.

Under their second Point of Error, appellants further complain that the exhibits attached to the motion for summary judgment were not sworn or certified copies, as required by Rule 166–A(e), but the record does not disclose that this objection was made in appellants' answer to the motion or elsewhere, and will not be considered here. See Employers Mutual Casualty Company v. Lee, 352 S.W.2d 155, 157 (Tex.Civ.App., 1961); and Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705, 708–709 (Tex.Civ.App., 1963, ref. n. r. e.); Rule 90, T.R.C.P., reading as follows:

" * * * Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account * * * "

As to the third Point of Error, attacking the finding of the court that there were no genuine issues of fact, appellants set out what they state to be issues of fact, mainly pertaining to the conduct and circumstances of the trustee's sale. The deed of trust under which foreclosure was had recites as follows:

"The deed or deeds which shall be given by said Trustee to the purchaser or purchasers at such sale, shall be prima facie evidence of the truth of all the recitals therein as to default in the payment of said note, or of interest due thereon, or of the sums thereunder and hereunder due, the request to the said Trustee to sell, the advertisement or posting of such sale, the proceedings at such sale, the facts, if any, authorizing a substitute Trustee to act in the premises, and everything necessary to the validity of such sale."

The trustee's deed granted by the substitute trustee, Joe Donathan, provides:

"WHEREAS, default was made in the payment of said note(s) according to the terms, tenor and effect thereof, and the legal or equitable owner or holder of said note(s) declare the whole note(s) immediately due and payable and the Trustee named in said deed of trust having been removed, the owner and holder of said indebtedness appointed me, Joe Donathan, as substitute Trustee, and requested me to sell said land and premises according to law and in accordance with the provisions of said deed of trust, in satisfaction of the indebtedness secured by said deed of trust; and

"WHEREAS, the said land above described was advertised for sale, and written notices of sale were posted in accordance with the terms of said deed of trust and in accordance with the laws of the State of Texas pertaining to foreclosure under deeds of trust, * * *."

As we stated in Wilson v. Vance, 373 S.W. 2d 848, 855 (Tex.Civ.App., 1963; reversed by the Texas Supreme Court on other grounds, Vance v. Wilson, 382 S.W.2d 107, 1964):

"The foregoing recitations in the deeds of trust and the trustee's deed bring the present case squarely within the holding

in the Birdwell case, [Birdwell v. Kidd, Tex.Civ.App., 240 S.W.2d 488] and we find that there is not here sufficient evidence to overcome the presumptions arising from the express provisions of the deeds of trust and carried forward by the recitations of the trustee's deed that the trustee acted properly and legally in conducting the trustee's sale of the property in question.  *  *  *"

This seems to dispose of appellants' contentions.

We have fully examined all of appellants' points of error and finding no error, all points of error are overruled and the trial court's judgment is affirmed.