MARY'S OPINION HEADING 









                                                NO.
12-05-00334-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

DAVID K. EVERSON AND            §                      APPEAL
FROM THE 115TH

PATRICIA
M. EVERSON,

APPELLANTS

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

MINEOLA
COMMUNITY

BANK,
S.S.B.,

APPELLEE   §                      UPSHUR
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            David K. Everson and Patricia M. Everson appeal a summary
judgment granted Mineola Community Bank, S.S.B. 
We affirm.

 

Background

            On October 10, 2003, the Eversons contracted to purchase
a home and 65.92 acres located at 1765 Crabapple Road in Big Sandy, Texas for
$385,000.  The closing for the sale was
to take place on November 14, 2003.

            The contract required that the Eversons apply promptly
for financing for the purchase, and  the
Eversons first applied to First National Bank of Granbury for a loan.  First National Bank secured an appraisal of
the property setting its value at $386,016 and gave a copy of this appraisal to
the Eversons.  For undisclosed reasons,
the Eversons decided not to borrow the money from First National Bank.








            The Eversons next approached Mineola Community Bank,
S.S.B. (“Mineola”) for financing for the purchase.  On November 14, 2003, Mineola obtained an
appraisal from Ronny Willingham, a licensed appraiser and a vice president of
Mineola.  The appraisal included the
$65,000 cost of a horse barn the Eversons proposed to build and did in fact
build on the property.  Excluding the
cost of the proposed horse barn, the value placed on the property was
$386,850.  The Eversons borrowed $410,500
from Mineola and signed a promissory note dated November 24, 2003 in that
amount and a deed of trust securing the payment of the loan.  The Eversons made five monthly payments, the
last on May 7, 2004.

            On October 5, 2004, Mineola sent a letter to the Eversons
by certified mail, return receipt requested, telling them they had thirty days
to cure their breach of the mortgage agreement by paying all past due payments
together with late charges.  On November
15, 2004, Mineola filed a Notice of Trustee’s Sale with the county clerk,
posted notice of the sale at the courthouse, and sent a copy of the notice to
the Eversons by certified mail, return receipt requested.  The trustee’s sale was held on December 7,
2004.  The trustee sold the property to
Mineola for $430,223.31, the existing balance due together with interest and
penalties.

            On December 8, 2004, Mineola sent notice to the Eversons
by both regular and certified mail that Mineola had purchased the property and
advising the Eversons that they had seven days to vacate the premises.  Mineola finally gained possession in July
2004 after successfully prosecuting an action for forcible detainer.

            The Eversons filed suit against Mineola on February 2,
2005 alleging Mineola’s (1) violation of the Texas Deceptive Trade Practices
Act, (2) negligence, (3) trespass, (4) breach of the duty of good faith and
fair dealing, (5) unjust enrichment, (6) common law and statutory fraud, and
(7) wrongful foreclosure.  Mineola filed
a motion for summary judgment, which the trial court granted on all the causes
of action asserted.         

 

Standard of Review

            A summary judgment is reviewed de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2003).  In the
case of a traditional summary judgment, (1) the movant has the burden of
showing that there is no genuine issue of material fact and the movant is
entitled to judgment as a matter of law; (2) in deciding whether there is a
material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; (3) every reasonable inference must be
indulged in favor of the nonmovant; and (4) any doubts must also be resolved in
favor of the nonmovant.  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  Once the movant has established a right to
summary judgment, the nonmovant must respond to the motion for summary judgment
by presenting to the trial court any issues that would defeat the movant’s
right to summary judgment.  Failing to do
so, the nonmovant may not later assign them as error on appeal.  City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 679 (Tex. 1979); see also Tex. R. Civ. P. 166a(c).  A motion for summary judgment must present
the grounds upon which it is made, and it must stand or fall on these grounds
alone.  See Tex. R. Civ. P. 166a(c).  Issues not expressly presented to the trial
court by written motion or response to the motion for summary judgment cannot
be considered by an appellate court as grounds for reversal.  Clear Creek Basin Auth., 589
S.W.2d at 674-75; see also Tex.
R. Civ. P. 166a(c).  When the
motion for summary judgment is based on several grounds, and the trial court
does not state the basis for granting the motion, the summary judgment must be
affirmed if any of the theories urged by the movant are meritorious.  FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872-73 (Tex. 2001).

 

Summary Judgment

            The Eversons contend the trial court erred in granting
summary judgment, because the evidence in their response to Mineola’s motion
for summary judgment raised material fact issues on each of the various causes
asserted.

Deceptive Trade Practices Act

            The Eversons, in their last live pleading, contended that
Mineola violated the Texas Deceptive Trade Practices Act (DTPA).  See Tex.
Bus. & Com. Code Ann. §§ 17.41–17.63 (Vernon 2002 & Supp.
2005).  In order to establish a claim
under the DTPA, a plaintiff must establish each of the following elements:

 

1.             The
plaintiff is a consumer;

2.             The
defendant can be sued under the DTPA;

3.             The
defendant committed a false, misleading, or deceptive act or practice; and

4.             That
act or practice was a producing cause of the plaintiff’s damages.

See id. §§
17.44, 17.45(4), 17.50(a); Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 649 (Tex. 1996).  To qualify
as a consumer under the DTPA, the Eversons must have sought or acquired goods
or services by purchase or lease, and the goods or services must form the basis
of the complaint.  Cameron v.
Terrell & Garrett, Inc., 618 S.W.2d 535, 539 (Tex. 1981).

            The Eversons contend they are consumers because they
purchased a “good,” the residence and acreage. 
However, Mineola merely loaned money to the Eversons.  The Eversons bought the residence and acreage
from the Caballeros.  For the purposes of
the DTPA, a mortgage is not a good or a service.  Riverside Nat’l Bank v. Lewis,
603 S.W.2d 169, 174-75 (Tex. 1980).

            The Eversons also contend that they are consumers because
they were forced by Mineola to purchase private mortgage insurance (PMI).  The basis of their complaint, however, is not
the purchase of PMI or the PMI, but Mineola’s allegedly wrongful
foreclosure.  “An activity related to a
loan transaction is a ‘service’ for DTPA purposes only if the activity at issue
is, from the plaintiff’s point of view, an objective of the transaction, not
merely incidental to it.”  White v.
Mellon Mortgage Co., 995 S.W.2d 795, 801 (Tex. App.–Tyler 1999, no
pet.).  Neither their purchase of the
property from the Caballeros nor the purchase of PMI form the basis of the
Eversons’ complaint.  The Eversons are
not “consumers” and can make no claim under the DTPA.  Mineola was entitled to summary judgment on
the Eversons’ claim that Mineola violated the DTPA.

Negligence

            The Eversons argue that Mineola was negligent in (1)
failing to provide a copy of the appraisal to them and (2) failing to provide
information to them of a “workout” program that they contend the PMI carrier
offered.

            In order to recover for negligence, the plaintiff must
prove (1) the existence of a legal duty, (2) the breach of that duty, and (3)
damages proximately caused by the breach. 
See Van Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998).

            Mineola contends that it owed no duty to the Eversons to
unilaterally provide them with a copy of the appraisal report or to provide
information regarding a “workout” program that the Eversons maintain was
offered by PMI.  We agree.  The Eversons signed a form that specifically
stated the Eversons could obtain a copy of the appraisal if they submitted a
written request for it.  The Eversons
never requested a copy.  Absent such a
request, Mineola had no contractual, statutory, or other legal obligation to
furnish the Eversons with a copy of the appraisal.

            Similarly, Mineola had no duty to the Eversons under its
contract with its PMI insurer.  The
Eversons were not parties to the contract, which was for the sole benefit of
Mineola.  The Private Mortgage Insurance
Disclosure Form, signed by the Eversons, stated that PMI “protects lenders and
others against financial loss when borrowers default.”  The PMI policy imposed no duty on Mineola to
act as an intermediary between the PMI carrier and the Eversons.  The Eversons’ negligence claims fail as a
matter of law.

Trespass to Try Title

            The Eversons contend that Mineola’s foreclosure under its
deed of trust was invalid because  they
could not remember signing the deed of trust investing the trustee with power
to sell the property in the event of their default.  Therefore, they claim, they have title to the
property.  The Eversons do not allege
that they never signed the deed of trust, only that they did not sign it on
November 24, the date shown on the instrument. 
The Eversons’ signatures on the deed of trust were notarized.  A notary’s certificate cannot be successfully
impeached by the uncorroborated statements of a party attempting to deny its
acknowledgment.  See Birdwell v.
Kidd, 240 S.W.2d 488, 490-91 (Tex. Civ. App.–Texarkana 1951, no
writ).  Therefore, the Eversons’
uncorroborated testimony that they do not remember appearing before a notary is
wholly insufficient to impeach the notary’s acknowledgment.

            The summary judgment record establishes as a matter of
law that Mineola has title to the property as grantee in the trustee’s deed
executed after the trustee’s sale pursuant to the deed of trust signed by the
Eversons.

Breach of the Duty of Good
Faith and Fair Dealing

            The Eversons maintain that Mineola breached its duty of
good faith and fair dealing to the Eversons by (1) failing to advise them that
Mineola’s board of directors raised concerns regarding the granting of the loan
to them, (2) failing to advise them of the contents of the appraisal, and (3)
failing to advise them of a “loan workout” available from Mineola’s PMI
insurer.

            In Texas, the relationship between mortgagor and
mortgagee does not give rise to a duty of good faith and fair dealing.  Fed. Deposit Ins. Corp. v. Coleman,
795 S.W.2d 706, 709 (Tex. 1990); White, 995 S.W.2d at 800.  The trial court correctly granted summary
judgment for Mineola on the Eversons’ claims that Mineola breached a duty of
good faith and fair dealing.

Unjust Enrichment

            The Eversons claim that Mineola was unjustly enriched as
a result of the foreclosure, because Mineola will receive the benefit of the
PMI insurance proceeds from MGIC, the PMI carrier.

            The summary judgment record establishes as a matter of
law that any PMI payment to Mineola will not be a result of Mineola’s fraud,
duress, or the taking of undue advantage, but of the Eversons’ failure to pay
their mortgage payments as they agreed.

            The Eversons also claim that Mineola will be enriched by
the Eversons’ $60,000 down payment.  The
record shows the Eversons agreed to make a down payment of $41,320.03.  At closing, their down payment was actually
$41,975.15, not $60,000 as alleged. 
Mineola bought the property at the foreclosure sale for exactly the
existing balance on the note together with the fees and penalties provided in
the agreement.  The Eversons were not
induced to make the down payment through the fraud, duress, or the taking of
undue advantage by Mineola.  Their loss,
the record shows, was occasioned by their failure to make the monthly mortgage
payments.  Therefore, the Eversons’ claim
of unjust enrichment fails as a matter of law.

Fraud

            The elements of common law fraud are (1) that a material
representation was made; (2) the representation was false; (3) when the
representation was made, the speaker knew it was false or made it recklessly
without any knowledge of the truth and as a positive assertion; (4) the speaker
made the representation with the intent that the other party should act upon it;
(5) the party acted in reliance on the representation; and (6) the party
thereby suffered injury.  In Re
Firstmerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001).  The elements of statutory fraud are the same
as common law fraud except that in the case of statutory fraud, it is not
necessary to prove that the speaker acted with “knowledge or recklessness.”  Brush v. Reata Oil & Gas Corp.,
984 S.W.2d 720, 726 (Tex. App.–Waco 1998, pet. denied); see also Tex. Bus. & Com. Code Ann. § 27.01
(Vernon 2002).

            It is difficult, if not impossible, to construe the
Eversons’ allegations as stating a cause of action for fraud.  They allege they were not given a copy of the
bank’s appraisal, which showed the property was unique in value for its
location, perhaps because the residence was a log house.  Despite the reservations of some members of
its board of directors, Mineola loaned the purchase price and the money to
build a horse barn.  This, the Eversons
argue, constituted a false representation by Mineola that the purchase was a
good investment, which they relied on to their detriment.

            The Eversons signed a statement informing them they had a
right to obtain a copy of the appraisal by submitting a written request.  They never asked for it.  The appraisal placed the same value on the
property as the undisputedly independent appraisal obtained by the First
National Bank of Granbury where the Eversons had first applied for a loan.  Judging from the price paid at the trustee’s
sale, the horse barn did add to the value of the land.  The summary judgment record established that
in buying the property, the Eversons did not rely on Mineola’s appraisal or its
willingness to make the loan.  When
Mineola advanced the money for the purchase price, the Eversons had already
contracted to buy the property for a price only a few hundred dollars less than
the two banks’ appraisals.  The trial
court did not err in granting summary judgment against the Eversons on their
fraud claim.

Wrongful Foreclosure

            The Eversons maintain Mineola’s foreclosure was
wrongful.  The elements of a wrongful
foreclosure claim are (1) a defect in the foreclosure sale proceedings, (2) a
grossly inadequate selling price, and (3) a causal connection between the
defect and the grossly inadequate selling price.  Charter Nat’l Bank–Houston v. Stevens,
781 S.W.2d 368, 371 (Tex. App.–Houston [14th Dist.] 1989, writ denied).

            The Eversons maintain that foreclosure was wrongful
because they did not receive notice of the foreclosure and because they do not
remember signing the deed of trust.

            A notice of foreclosure must be in writing and must be
sent by certified mail to each debtor, who according to the records of the
holder of the debt, is obligated to pay the debt.  Tex.
Prop. Code Ann. § 51.002(b)(3). 
Service by certified mail is complete when the notice is deposited in
the U.S. mail, postage prepaid, and addressed to the debtor at the debtor’s
last known address as shown by the records of the debt holder.  Id. § 51.002(e). 

            The summary judgment record shows that Mineola sent a
notice of pending foreclosure and a notice of trustee’s sale by certified mail,
return receipt requested, and deposited both in the U.S. mail.  The notice of trustee’s sale was returned to
Mineola after the sale was completed. 
The envelope bore a notation that three attempts had been made to
deliver the notice, but that it was being returned to the sender as
unclaimed.  The evidence establishes as a
matter of law that Mineola complied with the applicable notice requirements.

            Although the Eversons do not remember signing the deed of
trust, their signature on that instrument was notarized.  They have produced no evidence sufficient to
impeach the notary’s certificate.  The
summary judgment establishes that there was no genuine issue of material fact
on this cause of action and that the Eversons’ claim of wrongful foreclosure is
totally without merit.

            

Conclusion

            The summary judgment record shows that Mineola has
established its right to prevail as a matter of law on each of the causes of
action alleged by the Eversons.  The
trial court properly granted summary judgment. 
The Eversons’ sole issue is overruled. 
The judgment is affirmed.

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

Opinion
delivered July 31, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)